## ZEBDEE MARTIN V. THE STATE.

### No. 10888. Delivered November 2, 1927.

### Rehearing denied March 7, 1928.

**1.—Possessing Intoxicating Liquor—Plea of Guilty—Supports Conviction.**

Where upon a trial for the possession of intoxicating liquor for the purpose of sale, appellant having entered a plea of guilty, he will not be heard to question the sufficiency of the evidence. It is well settled that a verdict of guilty cannot be attacked for the insufficiency of the evidence where the defendant has pleaded guilty, such plea admits all incriminating facts. Following Gipson v. State, 86 Tex. Crim. Rep. 364, and other cases cited in original opinion.

**2.—Same—Confession of Accused—Corroboration Unnecessary.**

The contention is made that there is no corroboration of appellant's confession. This rule applies only to an extra-judicial confession, and would not apply to the facts in the instant case.

**3.—Same—Objections to Charge of Court—Rule Stated.**

Art. 666, C. C. P., provides that "all objections to the charge and to the refusal of or modification of special charges shall be made at the time of the trial." Objections presented for the first time in a motion for a new trial will not be considered.

**4.—Same—Indictment and Charge of Court—No Material Variance Shown.**

Where there was a slight difference in the wording of the court's charge and the charging part of the indictment, no injury to appellant being shown, the variance was not material.

**5.—Same—Objections to Evidence—Must Be Made in Limine.**

Objections to the admission of evidence must be made when same is offered, and such objections presented for the first time in a motion for a new trial cannot be considered. See notes under Art. 666, Vernon's C. C. P., pp. 337-338.

ON REHEARING.

**6.—Same—No Error Disclosed.**

A further examination of this record on rehearing fails to disclose any error in our original disposition of same, and the motion is overruled.

Appeal from the District Court of Navarro County. Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Davis, Jester & Tarver* of Corsicana, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was convicted of the unlawful possession of intoxicating liquor for the purpose of sale and his punishment assessed at confinement in the penitentiary for a term of one year.

It appears that the appellant pleaded guilty in the trial court. That evidence of a search revealing a quantity of intoxicating liquor was introduced against him as well also as his extra-judicial confession. The appellant himself took the witness stand in the trial of his case and admitted that he was in possession of the intoxicating liquor and that he had sold about a half gallon of it. His own testimony in the court below clearly shows his guilt.

Appellant questions the sufficiency of the evidence. It is well settled that a verdict of guilty cannot be attacked for the insufficiency of the evidence where the defendant has pleaded guilty, such plea admitting all incriminating facts. Gipson v. State, 86 Tex. Crim. Rep. 364; Doans v. State, 36 Tex. Crim. Rep. 468. Evidence is admitted only to determine the penalty. Gipson v. State, (supra). The appellant having received the lowest penalty under a plea of guilty, this case could not be reversed for lack of sufficient evidence. Terreto v. State, 86 Tex. Crim. Rep. 188; Coats v. State, 86 Tex. Crim. Rep. 234.

The contention is made that there is no corroboration of appellant's confession. This rule apples only to an extra-judicial confession and the rule invoked would not apply to the facts of the instant case.

No objections were made during the trial either to the court's charge or to the reception of evidence. On motion for a new trial such objections were raised for the first time, Art. 666, C. C. P., provides: "All objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial." This same article also provides in substance that a judgment shall not be reversed unless the errors in the court's charge were calculated to injure the rights of the defendant. The indictment charges that appellant "did then and there unlawfully possess for the purpose of sale spirituous, vinous, and malt liquors capable of producing intoxication." The court in his main charge states that the appellant "stands charged

by indictment in this case for the offense of unlawful possession of intoxicating liquor for the purpose of sale." The main attack against the charge is based upon the use of the above language by the court, appellant claiming that there is no such offense as that stated and that it is another and different offense from that charged in the indictment. As before stated, no objection was made to this charge at the time of the trial. The charging part of the indictment quoted above and the language of the court are somewhat different but we are not able to perceive how any injury could have resulted to appellant. This was undoubtedly not fundamental error as will appear from the case of Hays v. State, 95 Tex. Crim. Rep. 550. It was there held that the charge of the court in a case of the theft of an automobile which authorized a conviction upon the unlawful taking instead of the fraudulent taking was not fundamentally erroneous and that in the absence of a timely objection the use of the words "unlawfully taken" instead of "fradulently taken" constituted no error. A fradulent taking is an essential element of theft under its definition notwithstanding which the court held that its omission in the absence of an objection in the trial court constituted no reversible error. We discuss this only because appellant insists same constitutes fundamental error.

Further complaints of the court's charge on the admission of evidence were made in the motion for new trial but for the reason that no objection was made at the time of the trial, these cannot be considered. See notes under Art. 666, Vernon's C. C. P., pp. 337-338.

The judgment is affirmed.                                   *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion and oral argument in support thereof appellant urges practically every point raised on this appeal. He pleaded guilty. It must be borne in mind that under all the authorities this admits his guilt of the offense, and the purpose of the introduction of evidence is to enable the jury to fix the amount of penalty. This is so by statute. Nor can we lose sight of the fact that during the trial no objection was made to the introduction of any testimony, nor was fault found by exception, with the charge of the court. The motion for new trial brings into the record no extraneous matters, and but

avers errors which, if tangible, occurred during the trial and at a time when if proper objection had been made such errors might have been retraced, or a different ruling made by the trial judge. Each of the four bills of exception refers to and is based upon some allegation of error appearing in the motion for new trial and pointing back to some mistakes supposed to have been made during the trial. We can not sanction this practice. The trial judge is entitled to have the benefit of the presentation to him of any objection made by the accused, whether same relates to the admission or rejection of testimony, or to the issues of law submitted in the charge. Objection can not be made to these things for the first time in a motion for new trial. We think the fact that the verdict of the jury failed to give appellant the benefit of a recommendation for a suspended sentence, disposes of appellant's contention in that matter.

Being unable to agree with any of the contentions of appellant, the motion for rehearing will be overruled.

*Overruled.*