HEWEY HORN V. THE STATE.

No. 16093.   Delivered November 1, 1933.
Rehearing Denied December 20, 1933.
Reported in 64 S. W. (2d) 775.

·The opinion states the case.

*H. L. Edwards* and *Jack Varner,* both of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being three years in the penitentiary.

No statement of facts is found in the record and only two bills of exception.

It appears from bill number one that appellant waived a special venire and agreed to select a jury from the regular jury panel for the week. After the jury for the week were sworn and questioned generally as to their qualifications they were re-

tired from the court room, and called in separately, examined by counsel for the state and appellant, and accepted or excused. If accepted by both parties the juror was placed in the jury box, but was not at that time sworn; after the jury was completed the court administered the oath collectively. Appellant objected to thus swearing the jury, claiming that they should have been sworn individually as provided in article 622, C. C. P. (1925), and not as was done under article 639, C. C. P. (1925). The first article mentioned relates to impanneling the jury in capital cases and the second to the formation of the jury in cases less than capital. It may be that on account of appellant having waived a special venire the court proceeded under article 639 instead of article 622. In support of his contention appellant cites us to Story v. State, 107 Texas Crim. Rep., 266, 296 S. W., 296. While it was there held error not to swear the jurors individually it does not appear the reversal was predicated on such error alone. We believe Caldwell v. State, 12 Texas App., 302, more nearly in point. As we understand the record in the present case no complaint was made by appellant until the jury was sworn in collectively. If he desired them to be sworn individually as selected the court's attention should have been called to the matter at such a time that the request could have been complied with. In Caldwell's case (supra) the complaint was made in motion for new trial for the first time. It was held too late. It occurs to us the same principle applies here. When appellant did register objection it was too late to swear the jurors as selected.

Bill of exception number two complains because the court permitted the wife of deceased to testify that when he was brought home after having been cut he had ten dollars in his pocket, and that a few days before he had drawn some fifty dollars out of the bank. The evidence was objected to as being immaterial to any issue in the case, and as tending to show that appellant was guilty of robbery or theft. It is certified in the bill that there "was no evidence in the record, directly or indirectly connecting the defendant with the knowledge that the deceased had any money in the bank, or even drew any money out of the bank, or at any time ever had any money in his possession." It is impossible to appraise this bill without having before us the facts proven on the trial. While certifying to the matters contained in the above quotation from the bill, the court does not certify that the evidence objected to had no bearing on any issue in the case. Facts may have developed on the trial which made the evidence material. In the absence of the facts the court's action in admitting the evidence must

be sustained. Presumably he acted correctly. The bill does not show to the contrary.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that his bill of exception No. 1 sufficiently shows that he expressed and indicated to the trial court his desire that each prospective juror be sworn individually as and when selected. Careful re-examination of the record does not bring us in agreement with appellant.

Twelve jurors were separately examined and passed on by the state and defense. If appellant had made known his objection to the failure to swear juror No. 1 when he was agreed upon and placed in the jury box as a juror to try this case, doubtless said juror would have been then sworn. No separate bill of exception was taken to such failure or refusal of the trial court to so swear juror No. 1, 2, 3, etc. But one bill of exceptions appears relating to this matter, and same, after reciting the testing and acceptance of each juror until twelve had been so selected and put in the box,—proceeds to state that after all twelve were accepted the court proceeded to swear all twelve collectively. It is then said: "To which action of the court in not swearing each juror separately as said juror was accepted by the State and defendant, the defendant then excepted."

If appellant had excepted to the failure to separately swear juror No. 1, it is too plain for argument that the bill so complaining could not have included his exceptions and objections to the court's action in subsequently failing to separately swear each of the eleven other jurymen not yet called. We think the record supports the conclusion announced in our original opinion.

Nor are we able to agree with appellant in his other point which is aimed at our decision regarding his bill of exception No. 2. The fact that the trial court certifies in approving bill of exception No. 2,—wherein appellant objected to the state proving by the wife of deceased that at noon of the day he was killed he should have had around one hundred dollars in his pocket, and that when brought home after being cut, he had only ten dollars in his pocket,—that there was no evidence before the jury connecting appellant with knowledge that deceased had money in his pocket, would not be enough to cause this court to hold such testimony erroneously received. In the absence of a statement of facts, for aught this court knows or can know, the state may have been then introducing its begin-

ning testimony as to the motive for the cutting of deceased. The matter was properly disposed of.

The motion for rehearing will be overruled.

*Overruled.*