O. G. NORTHCUTT V. STATE.

No. 24690. April 19, 1950.
Motion for Rehearing Denied (Without Written
Opinion) May 17, 1950.

*George S. McCarthy,* Amarillo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

ON MOTION TO REINSTATE APPEAL.

GRAVES, Judge.

The record having been perfected, the appeal is reinstated, the opinion dismissing the appeal is withdrawn, and the case will now be considered upon its merits.

Appellant was convicted of the murder without malice of J. D. Freeman, and awarded a penalty of five years in the state penitentiary.

The testimony shows a drunken orgy by appellant, the deceased and two women, in which they consumed much whisky and all seemed more or less under such influence. Eventually the appellant, who seemed to be an amateur musician, insisted upon playing his violin in a serenade or concert to the deceased, who was lying in his underclothes upon his bed in a room of a tourist cabin. Finally the deceased and appellant engaged in a fist fight in which the deceased prevailed and was on top of appellant, who soon cried enough and was allowed to rise from the floor; whereupon in some manner appellant became possessed of a high-powered rifle, and claiming that the deceased was advancing upon him, he shot the deceased, killing him, the shot evidently leaving a hole in the body and spattering the walls of the room with blood and flesh.

Appellant testified that he lost consciousness when the first fight took place, and when he came to himself, the deceased was advancing upon him and threatening to kill him; that he then produced the rifle from the closet near at hand and shot the deceased one time.

The witnesses testified that appellant was bruised and showed evidence of having been beaten from the first encounter.

Bills of Exception Nos. 1, 2, 3 and 4 were presented to the trial court, and to each bill he appended certain qualifications. The appellant excepted to such qualifications, and in each instance the trial court then filed such bill with its qualification as the court's bill. There are no bystanders' bills, and we proceed to consider the court's bills.

Bill No. 1 relates to the introduction of a certain line of testimony which tended to show a disagreement between appellant and deceased relative to certain wages due a fellow workman on a local plastering job on which all parties were work-

ing at the time of the homicide. This testimony was intended to be connected up with the matter of ill feeling between the parties to this tragedy and was thus classified by the state's attorney. Upon what the trial court denominated as a failure to thus connect the testimony, he instructed the jury not to consider such testimony for any purpose. Nevertheless, appellant objected thereto and excepted to the court's action in allowing such testimony to remain with the jury until same was withdrawn therefrom. This proffered testimony seemed to have taken place on the same day as this homicide, at the same place, and in the presence of the same witnesses. We do not hold same to have been inadmissible. Under the statute, Article 1257a, Vernon's Ann. Tex. P.C., we think the testimony was doubtless admissible to show the previous relationship existing between the parties, etc. We do not perceive any serious error shown herein.

Bill No. 2, prepared by the court, refers to the matter just above discussed as testified to by another witness to practically the same effect as set forth in Bill No. 1, and is governed by that ruling.

In Bill No. 3 the burden of the complaint seems to be that upon the acceptance of each juror in this capital case and special venire, it is claimed that such juror was not sworn although such was requested by appellant's attorney, but such juror was instructed to go to the jury room in custody of the sheriff, and the further examination of prospective jurors was continued until all twelve jurors were selected, and at such time all twelve thereof were sworn in a body. This bill is qualified by the trial court and such qualification was excepted to by appellant; and thereafter the trial court filed his own bill with such qualification as a part thereof. It is shown by this qualification that as each juror was accepted by appellant's attorney in indicating his acceptance thereof, he merely stated, "swear the juror," and such juror was then instructed not to communicate with anyone nor allow anyone to communicate with him about the case, or to discuss such case with his fellow jurors and to remain in custody of the sheriff; that there was naught said by appellant's attorney as to the jurors being individually sworn as each was accepted at any time, and same was not alluded to, or mentioned until the filing of the motion for a new trial.

It is true that Article 622, Vernon's Ann. C.C.P. provides that in a capital case, as each juror is selected for the trial of the case, the oath shall be administered to him; and we have

held that a refusal to do so would be error. See Story v. State, 107 Tex. Cr. R. 266, 292 S. W. 296. However, we are not in accord with the reasoning in the Story case. In that case, it is shown that as each juror was taken, he was placed in the custody of an officer, and upon the final juror being selected, all twelve were then brought into open court and each one was sworn individually, and also the whole were then collectively sworn, and the case proceeded to trial. We are not called upon to follow that case in this instance.

We believe that the case of Caldwell v. State, 12 Tex. App. 302 (p. 315) states the better rule. In that case Judge Hurt said:

"Article 640 of the Code of Criminal Procedure requires that each juror shall be tried and passed upon separately; and article 642 provides that, 'as each juror is selected for the trial of the case, the following oath shall be administered to him by the court or under its direction,' etc. The oath must be administered to each juror as selected. This was not done in this case. After twelve jurors had been selected, the proper oath was administered to them in a body. Of this proceeding, we learn for the first time in the motion for a new trial. There was no request made by the defendant to have the jurors sworn as selected, nor did the defendant object to their being sworn in a body. The first complaint is heard in the motion for new trial, and in his motion he does not state that he was not aware of these proceedings at the time they were had. These irregularities are now urged here as a ground for reversal. We are of the opinion that they come too late. If the defendant had demanded that the jurors be sworn as selected, and this demand had been refused, we would have been compelled to reverse the judgment. If an objection to their being sworn in a body had been interposed, a very nice question would be presented for our decision; but the defendant did neither.

"The question presented is this: "Will this court reverse a judgment for these irregularities, when the defendant made no objection at the time, taking his chance of being acquitted by this jury thus sworn, and holding in reserve this matter to be used in his motion for new trial, and, on failure then, to be used in this court as ground for reversal of the judgment? We think not.""

See also Horn v. State, 125 Tex. Cr. R. 59, 64 S. W. (2d) 775, in which we held that had the accused desired that each juror should be sworn as accepted, he should have called the

matter to the trial court's attention at the time of such selection; and that a first complaint in the motion for a new trial came too late.

It is noted that in the present case, the attention of the trial court was not called to such failure and no objection made nor exception taken to the procedure complained of until the filing of the motion for a new trial. Therefore the objection came too late.

Bill No. 4 complains of certain remarks claimed to have been made by the state's attorney to the jury. In the first place, we see no error shown in the argument. Again, we find from the bill that no objection was made thereto, nor exception reserved until the argument had been finished and the jury had retired to consider of their verdict. For these reasons, this bill will be overruled.

There are two further bills which are but exceptions to the court's qualification in Bills Nos. 1, 2, 3 and 4. They were needless, as we find appellant's exceptions to such qualification found in such bills over the trial judge's signature.

It appears from the judgment herein as originally filed in the record that the trial court entered an improper and uncertain judgment upon a certain verdict of the jury, such verdict assessing a term of five years in the penitentiary, but the judgment finding appellant guilty reading for not less than two nor more than five years in such prison. The power being lodged in this court to reform such judgment, the same is now reformed so that such judgment shall hereinafter read that appellant is guilty as found by the jury and that he be punished by confinement in the state penitentiary for a term of five years, etc.

As thus reformed by this court, it would not be necessary to pass upon the question of a nunc pro tunc judgment found in the supplemental record.

The motion to reinstate the appeal is granted, the former opinion dismissing the appeal is withdrawn, and the judgment as herein reformed is now affirmed.