Under such record, no reversible error is shown. Watson v. State, 161 Tex.Cr.R. 5, 273 S.W.2d 879; Andrews v. State, 161 Tex.Cr.R. 550, 279 S.W.2d 331; Davis v. State, Tex.Cr.App., 330 S.W.2d 443; Beck v. State, Tex.Cr.App., 360 S.W.2d 410.

■ It is next contended that the court erred in permitting the state to bring out and prove on cross-examination of appellant the details of two prior offenses committed by him, by showing that in connection with a narcotics conviction in federal court in 1953, he received punishment of a $100 fine and in the 1959 narcotics conviction in state court alleged for enhancement, he received the minimum punishment of two years, of which he was required to serve only fourteen months.

■ No objection was made by appellant to the testimony on the grounds now urged. While proof of the details of prior offenses committed by an accused is not permissible, we do not consider the inquiry made of appellant with reference to the punishment assessed in the two prior convictions and the time he served in the penitentiary as constituting proof of the details of the offenses committed. Furthermore, similar testimony was admitted without objection with reference to appellant's receiving a minimum sentence of two years in the 1959 conviction and having served the same in fourteen months. No reversible error may be predicated upon admitting proof of the 1953 conviction, as similar evidence was admitted without objection.

■ Nor do we find any error in the court's action in permitting the state to inquire of appellant on cross-examination with reference to trouble which the officers testified they had had with him on a prior occasion when he had fought and knocked one of them down. Appellant, in his cross-examination of Officer Hauff, had elicited from the witness testimony to the effect that he (appellant) had knocked an officer down the last time the officers tried to arrest him.

Other contentions urged by appellant have been considered and do not present reversible error.

The judgment is affirmed.

Prisciliano R. CASTILLO, Appellant,

v.

The STATE of Texas, Appellee.

No. 34759.

Court of Criminal Appeals of Texas.

Oct. 31, 1962.

Rehearing Denied Dec. 12, 1962.

Murray J. Howze, Monahans, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder; the punishment, 10 years.

Officer Titus testified that, in response to a call, he went to a house on East Ninth Street in the city of Pecos on the night in question and there saw a woman lying in the front yard and observed a gun wound in her lower back. Within a few minutes, a pickup truck came to a stop nearby, and the occupant started walking toward the spot where he and his fellow officer were standing near the woman; that he instructed the man to stand back but the man said, "No, I am the one" or "I am the one that did it," and he then recognized that it was appellant, whom they placed under arrest, and recovered a .22 rifle from the pickup. His testimony was corroborated by officer Morgan, who also testified that deceased was dead by the time he left the scene.

Appellant's confession recounts the tragic but often heard experience of a sixty-year old man whose wife had died some years before and who fell in love with a bar maid, with a history of four marriages, and began to support her. When some time later he refused to pay off the equity on her house, all the demons of Hell erupted, and he left. Characteristically, but unwisely, he would not leave well enough alone and again began to pay court to the woman from whom he should have learned a lesson. On the night of the homicide, he went to a cafe where deceased apparently was employed, and the manager told him that deceased did not want to talk to him. This was the straw that overloaded the wagon; he went and got his .22, waited at the woman's house until she came home at 3:00 o'clock in the morning and shot her in the back as she was running away from him.

Appellant called a number of reputation witnesses and his two married daughters, who testified that appellant had acted peculiarily since he began associating with deceased, and that, particularly shortly before the homicide, he appeared to be nervous and did not pay attention to them when they talked to him. Appellant's testimony in his own behalf tracked the confession except that he said he was emotionally upset over the way deceased had treated him, had drunk a few beers, and did not remember some occurrences of the fatal night. On cross-examination, the following occurred:

"Q. How many times did you shoot?

"A. You mean her?

"Q. Yes.

"A. Once.

"Q. Just once. You remember that, don't you?

"A. I remember the one shot."

The court charged fully on the issue of insanity.

■ Appellant presents two contentions on appeal. During the trial, it was stipulated between appellant and the State that the deceased "is dead, that she died on the night of August the 13th of 1961 as the result of gunshot wounds." It is now asserted that this stipulation was not broad enough to connect appellant with the firing of the gun which caused the fatal wound. In Fancher v. State, 167 Tex.Cr.R. 269, 319 S.W.2d 707, we said:

"Appellant testified as a witness in his own behalf that the automobile belonged to him. By that testimony he supplied a very material element of the corroboration necessary.

"The rule as to corroboration of extrajudicial confessions does not apply to a judicial confession, which is one made in the course of a judicial proceeding while testifying as a witness. Martin v. State, 109 Tex.Cr.R. 101, 3 S.W.2d 90."

During the course of the closing argument, the prosecutor told the jury:

"Now, tonight, we are going to set a price on Life in Reeves County, Texas. And you are going to do it. It is up to you. Set it at whatever you want to. But to me, and to the people of Reeves County, it ought to be at least Life, Death or a long term of years."

■ Following this, the jury were retired, and then appellant's counsel "excepted" to "counsel's closing argument *about setting the price on Life in Reeves County*," as well as the prosecutor's mention of the death penalty. That portion of the argument set forth above in appellant's exception was clearly a plea for law enforcement, Scarborough v. State, Tex.Cr.App., 344 S. W.2d 886, but even if it were not, or if other portions of the argument were improper, reversible error would not be reflected because the objection came too late. Northcutt v. State, 154 Tex.Cr.R. 600, 229 S.W.2d 373, and Smith v. State, 157 Tex. Cr.R. 21, 246 S.W.2d 187, hold that an objection made after the jury has retired does not preserve the error, if any, in the prosecutor's argument.

■ Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.

WOODLEY, Presiding Judge (concurring).

I concur in the conclusion that the evidence is sufficient to sustain the conviction, and the holding that reversible error is not shown in the argument of the District Attorney.