Hector G. ALVAREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 36458.

Court of Criminal Appeals of Texas.

Feb. 5, 1964.

Joseph Chacon, San Antonio, for appellant.

James E. Barlow, Dist. Atty., James E. Hope, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is theft of corporeal personal property over the value of $50.00; the punishment, 3 years confinement in the state penitentiary.

Appellant plead guilty to the offense charged, after being properly admonished as to the consequences of his plea by the Court. The record also reflects that the appellant properly waived a jury trial, through his attorney and in person.

The appellant relies on Pitcock v. State, 168 Tex.Cr.R. 223, 324 S.W.2d 866, in contending that there is not sufficient evidence to support his conviction on his plea of guilty.

In the instant case, after his plea of guilty, appellant was placed on the stand and testified that each and every allegation contained in the indictment was true and correct; that he was the same Hector G. Alvarez named in said indictment, and that he took possession of the tape recorder, over the value of $50.00, without the owner's consent and with the intent to appropriate it to his own use. He further testified that the theft in question took place in Bexar County, Texas.

We find this testimony of appellant, in conjunction with his plea of guilty, sufficient to support the conviction. The testimony of appellant from the witness stand is a judicial confession and as such needs no corroboration. Martin v. State, 109 Tex.Cr.R. 101, 3 S.W.2d 90; Guerra et al. v. State, 138 Tex.Cr.R. 120, 134 S.W.2d 679; Fancher v. State, 167 Tex.Cr.R. 269, 319 S.W.2d 707; McCormick and Ray, Texas Law of Evidence, Vol. 2, Section 1223.

The Pitcock case, supra, relied upon by appellant, is easily distinguished from the case at bar, as in that case the appellants plead guilty but did not testify and thus a judicial confession was not present.

No reversible error appearing the judgment is affirmed.