NUMBER 13-00-063-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_______________________________________________________________


EMILY JEAN GRAHN, Appellant,



v.

THE STATE OF TEXAS, Appellee.

_______________________________________________________________


On appeal from the 148th District Court 

of Nueces County, Texas.

_______________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Chief Justice Valdez


Emily Jean Grahn, appellant, was convicted of the offense of capital murder, and sentenced to life imprisonment. She
challenges her conviction by three issues. We affirm.

In December, 1998, appellant and Herbert Foster were living temporarily in a motel room in Corpus Christi, Texas. The
relationship between Foster and the appellant is not clear. The record reflects that appellant referred to Foster as both a
"leech," and a boyfriend. Appellant admitted to being addicted to drugs, and in order to support her "very expensive" habit,
she turned to prostitution. On December 31, 1998, Ruben Lopez, the victim herein, solicited appellant and took her back to
his motel room in Corpus Christi. After rendering services and receiving payment for same, appellant left Lopez's room
with an invitation to return later that night. In the early morning hours of January 1, 1999, appellant did return to Lopez's
room; however, this time she was accompanied by Foster. Appellant testified that both she and Foster entered the room,
where Foster demanded money from Lopez. An argument ensued and thereafter, appellant states that Foster picked up a
chair and began beating Lopez with it. The exact details of the ensuing struggle were not fully described at trial; however,
appellant did state that she gagged Lopez by sticking a sock in his mouth and then held Lopez down while Foster beat
Lopez into a state of unconsciousness. Appellant also stated that while she was in the process of looking for Lopez's wallet
and jewelry, she handed Foster one of Lopez's shirts, which Foster then tore or cut up. Later that day, the police found
Lopez's body with a shirt tied tightly around his neck. Lopez's wrists and ankles were bound together, and appellant
identified her belt as the item which had been used to bind Lopez's wrists. The medical examiner found that strangulation
was the cause of death.

Several days later, appellant and Foster were spotted by police officers in Houston, driving Lopez's car. After attempting to
elude police, appellant and Foster were apprehended. Appellant gave a statement to police wherein she admitted to
involvement in the murder and robbery of Lopez. Prior to trial, appellant then moved to suppress her statement, claiming
that it was not voluntarily made. The trial court denied appellant's motion to suppress and allowed her statement into
evidence. After hearing the evidence, a jury found appellant guilty of the offense of capital murder. Because the State
elected not to seek the death penalty, appellant was automatically sentenced to life imprisonment. This appeal ensues. 

In her first issue, appellant complains that the trial court erred in admitting her confession into evidence as the confession
was not voluntarily made.

Once a defendant raises the issue of the voluntariness of a confession, the burden is on the State to show through an
evidentiary hearing that the confession was, in fact, voluntary and did not violate the defendant's rights. Such hearings are
held outside the presence of the jury and the trial judge is the sole trier of fact and credibility. Tex. Code Crim. Proc. Ann.
art. 38.22 § 6 (Vernon 1979); Jackson v. Denno, 378 U.S. 368, 380 (1964); Alvarado v. State, 912 S.W.2d 199, 211 (Tex.
Crim. App. 1995); see also Jordan v. State, 939 S.W.2d 222, 223 (Tex. App.-Houston [1st Dist.] 1997, no pet.). The trial
court is required to "enter an order stating its conclusion as to whether or not the statement was voluntarily made, along
with the specific finding of facts upon which the conclusion was based" and file the order with the clerk. Tex. Code Crim.
Proc. Ann. Art. 38.22 § 6 (Vernon 1979). The code of criminal procedure's requirement that a trial court state findings of
fact and conclusions regarding the voluntariness of an inculpatory statement is mandatory and does not require that counsel
make a motion or objection in order to preserve error. Green v. State, 906 S.W.2d 937, 938 (Tex. Crim. App. 1995). 

The trial court did hold a hearing, out of the presence of the jury, on the issue of voluntariness. The trial court's docket
sheet contains an entry stating that appellant's motion to suppress was denied. We have reviewed the record herein, and
find no order containing findings of fact and conclusions regarding the voluntariness of the appellant's confession. The
parties herein do not refer this Court to any such order in the record; however, neither do they complain of the absence of
such an order. When a trial judge does not file findings, appellate courts may abate the appeal to allow the judge to comply
with the statute. Bonham v. State, 644 S.W.2d 5, 8 (Tex. Crim. App. 1983); Simpson v. State, 603 S.W.2d 862, 865 (Tex.
Crim. App. 1980). However, when a defendant testifies at trial to the same facts that are contained in a pre-trial confession,
the defendant renders harmless the erroneous admission of the confession, and abatement is not necessary. Amunson v.
State, 928 S.W.2d 601, 608 (Tex. App.-San Antonio 1996, no pet.); see also Jones v. State, 843 S.W.2d 487, 493 (Tex.
Crim. App. 1992) (where defendant testifies to same facts that were proved by the State, error, if any, in admitting such
facts is harmless); Sterling v. State, 800 S.W.2d 513, 520 (Tex. Crim. App. 1990) (admission of illegally obtained
confession was harmless in light of second admissible confession containing substantially same facts). In the present case,
appellant testified at trial to exactly the same facts that were contained in her written confession, except that appellant
clarified the sequence of events, explaining that she first was hit in the head with a chair, and then held down the legs of the
decedent, rather than the other way around. Appellant classified this error as "very minor," but then testified that she made
this error because she was "high" at the time she gave her statement. However, "if a defendant in testifying admits or
confirms the truth of the facts or evidence objected to, even if attempting to create a defense based on or beyond those
facts, a waiver of the objection does occur." Maynard v. State, 685 S.W.2d 60, 65-66 (Tex. Crim. App. 1985)
(citingThomas v. State, 572 S.W.2d 507, 512 (Tex. Crim. App.1978)). It is important to note that appellant does not argue
on appeal that she took the stand to refute, deny, contradict or impeach evidence. See Maynard, 685 S.W.2d at 65-66
(holding that if a defendant takes the witness stand to refute, deny, contradict, or impeach evidence or testimony properly
objected to, no waiver of the objection occurs).

Because appellant took the stand on her own behalf and testified on direct examination in substantial measure to the
contents of her statement, we find that even if the trial court erred in admitting the statement, appellant's own testimony
vitiated the harmful effect of the admission of the statement. Issue one is overruled.

Appellant contends in issue two that the trial court erred in admitting into evidence an autopsy photograph of Lopez
because the probative value of the photograph is substantially outweighed by the danger of unfair prejudice. See Tex. R.
Evid. 403. Specifically, appellant complains of State's Exhibit Number 114, a 3½" x 5" color photograph which depicts
Lopez's head with the scalp lifted. The admission of this photograph accompanied the testimony of the State's pathologist,
Dr. Lloyd White, who described the procedure in reflecting the scalp and the injury which was revealed by this procedure. 
Dr. White stated that Lopez had suffered extensive contusion hemorrhage in many areas throughout the scalp, and that this
injury was consistent with being hit with a hard object such as a chair.

Rule 403 provides that although relevant, evidence may be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice, confusion of the issues, or misleading the jury. Several factors may be considered in
determining whether the danger of unfair prejudice substantially outweighs the probative value of photographs, including
the number of exhibits offered, their gruesomeness, their detail, their size, whether they are black and white or color,
whether they are close-up, whether the body is naked or clothed, and the availability of other means of proof and the
circumstances unique to each individual case. Emery v. State, 881 S.W.2d 702, 710 (Tex. Crim. App. 1994)(citing Long v.
State, 823 S.W.2d 259, 272 (Tex. Crim. App. 1991)). The admissibility of photographs is within the sound discretion of
the trial judge. Chamberlain v. State, 998 S.W.2d 230, 237 (Tex. Crim. App. 1999); Jones v. State, 843 S.W.2d 487, 501
(Tex. Crim. App. 1992).

Autopsy photographs are generally admissible unless they depict mutilation of the victim caused by the autopsy itself. 
Rojas v. State, 986 S.W.2d 241, 249 (Tex. Crim. App. 1998); Burdine v. State, 719 S.W.2d 309, 316 (Tex. Crim. App.
1986).

However, even post-autopsy photographs have been held admissible where they were used to illustrate and clarify a
medical expert's description of the injuries, and reveal the cause of death. Harris v. State, 661 S.W.2d 106, 107-08 (Tex.
Crim. App. 1983); Izaguirre v. State, 695 S.W.2d 224, 226 (Tex. App.-Corpus Christi 1985, no pet.) 

Appellant's main argument is that the photograph shows mutilation of Lopez's head caused by the surgery in performing the
autopsy. The State responds by arguing that the photo, which depicts the head injury revealed by the reflection of the scalp,
merely illustrates the testimony of Dr. White. The State further argues that the head injury revealed by this photo gives
some indication of the force of the blow to Lopez's head and thus, the viciousness of the attack that led to his death.

We hold that, while the photograph is gruesome to some extent, it demonstrates the brutal nature of the offense committed
and reflects the testimony of the State's witnesses. Thus, we overrule appellant's second issue.

In issue three, appellant complains that the evidence was legally and factually insufficient to prove appellant responsible, as
a party, for the offense of capital murder.

When a court reviews the legal sufficiency of a verdict, it does so in the light most favorable to the verdict to determine
whether a rational finder of fact could have found all the elements of the crime beyond a reasonable doubt. See Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Skinner v. State, 956 S.W.2d 532, 536 (Tex. Crim. App. 1997).

In reviewing factual sufficiency challenges, appellate courts must determine "whether a neutral review of all the evidence,
both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Evidence is factually insufficient if: 1) it is so weak as to be
clearly wrong and manifestly unjust; or 2) the adverse finding is against the great weight and preponderance of the available
evidence. Id. TheJohnson court reaffirmed the requirement that "due deference must be accorded the fact finder's
determinations, particularly those determinations concerning the weight and credibility of the evidence." Id. at 9. 

A person commits the offense of murder if he intentionally or knowingly causes the death of an individual. Tex. Pen. Code
Ann. §19.02(b)(1) (Vernon 1994). A person commits the offense of capital murder if he commits murder as defined under
section 19.02(b)(1) and the person intentionally commits the murder in the course of committing or attempting to commit
kidnapping, burglary, robbery, aggravated sexual assault, arson, obstruction, or retaliation. Tex. Pen. Code Ann.
§19.03(a)(2) (Vernon 1994).

Under the law of parties, a person is criminally responsible for an offense committed by the conduct of another if, acting
with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense. Tex. Pen. Code Ann. §7.02(a)(2)(Vernon 1994).

In a prosecution for capital murder under section 19.03(a)(2), in order to convict the accused as a primary actor, the State
must prove and the jury must find that he "intentionally committed the murder" in the course of the underlying felony.
Tucker v. State, 771 S.W.2d 523, 530 (Tex. Crim. App. 1988). Moreover, before the accused may be found criminally
responsible for the conduct of another who "intentionally commits the murder," under the provisions of section 7.02(a)(2),
it must be shown the accused harbored a specific "intent to promote or assist the commission of" the intentional murder that
the other committed. Lawton v. State, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995). The court of criminal appeals has
held that "one could hardly indulge an intent to promote or assist in the commission of an intentional murder without, at a
minimum, intending or contemplating that lethal force would be used." Tucker, 771 S.W.2d at 530. 

Because appellant raises her sufficiency claim in the context of an offender convicted as a party, the evidence will be held
sufficient to convict under the law of parties where the defendant is physically present at the commission of the offense and
encourages its commission by words or other agreement. Ransom v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994)
(op. on reh'g); Cordova v. State, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985). "In determining whether the accused
participated as a party, the court may look to events occurring before, during and after the commission of the offense, and
may rely on actions of the defendant which show an understanding and common design to do the prohibited act." Cordova,
698 S.W.2d at 111. Circumstantial evidence may be used to prove party status. Id. 

Initially, appellant argues that the evidence reveals that she was present at the crime scene, but that there is insufficient
evidence to show that she participated in the crime.

Appellant testified at trial that she and Hubert Foster entered Lopez's hotel room together, and that Foster began beating
Lopez with a chair until he lost consciousness. Appellant then states that she followed Foster's instructions by first gagging
Lopez with a sock and then holding his legs down. Immediately thereafter, while Foster continued the assault that
ultimately resulted in Lopez's death, appellant once again followed Foster's instructions by searching the room for Lopez's
wallet. Appellant admitted that, while searching for Lopez's wallet, she gave Foster a shirt, which Foster then tore or cut
up. Lopez's body was found with a shirt tied tightly around his neck. Under cross-examination by the State, appellant
admitted that she assisted in the commission of the underlying robbery, which elevated the offense to capital murder. She
further admitted that her belt was used to bind Lopez's wrist during the murder.

Appellant's testimony that she gagged and held Lopez down during the brutal attack was sufficient for the jury to find that
she intended to assist, and did assist, Foster in the commission of an intentional murder. Further, her testimony that she
searched the room for Lopez's wallet was sufficient for the jury to find that she assisted in the commission of the underlying
robbery. Viewing the evidence in the light most favorable to the verdict and determining whether any trier of fact could
have found the essential elements of the crime beyond a reasonable doubt, we find the evidence is legally sufficient to
support the conviction. See Whitaker, 977 S.W.2d at 598; Anderson, 11 S.W.3d at 375. 

With regard to her challenge to the factual sufficiency of the evidence to support her conviction, appellant argues that her
extrajudicial confession was not corroborated as to the murder and the underlying robbery.

An extrajudicial confession alone is not sufficient to support a conviction; there must be independent evidence of thecorpus
delicti. In the capital murder context, an extrajudicial confession must be corroborated as to the murder and the underlying
felony which elevated the murder to a capital offense. Gribble v. State, 808 S.W.2d 65, 71 (Tex. Crim. App.
1990)(plurality opinion); see also Chambers v. State, 866 S.W.2d 9, 15-16 (Tex. Crim. App. 1993) (following Gribble). In
other words, the corpus delicti of both the murder and the underlying felony must be shown by evidence independent of the
confession. Gribble, 808 S.W.2d at 71. The independent evidence need not connect the defendant to the crime; it need
only show that a crime was committed. Id. In addition, such evidence need not be sufficient by itself to prove the offense;
it need only be "some evidence which renders the corpus delicti more probable than it would be without the evidence." 
Idat 71-72. The term "corpus delicti" has been defined as meaning "harm brought about by the criminal conduct of some
person." Emery v. State, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994).

The State offered independent evidence of the corpus delicti of the murder by proving the identity of the body and that
death was caused by strangulation. See Dunn v. State, 721 S.W.2d 325, 334 (Tex. Crim. App. 1986) (corpus delicti of
murder shown in proving the identity of deceased and that death resulted from criminal act). The State also offered
independent evidence of the corpus delicti of robbery by showing that appellant and Foster were in possession of Lopez's
automobile and wallet, after the murder.

Moreover, as previously noted, appellant testified at trial to substantially the same facts recited in her statement, and
therefore, she judicially confessed to substantially the same acts as described in her confession. It is well settled that a
judicial confession, made in the course of a judicial proceeding, need not be corroborated by other evidence. Fancher v.
State, 319 S.W.2d 707, 708 (Tex. Crim. App. 1958). Assuming, arguendo, that appellant's extra-judicial statement was not
properly corroborated, we nevertheless find that substantially the same facts are described in her judicial confession, and no
corroboration of her judicial confession is needed to support her conviction. Accordingly, after considering all the
evidence, we find that the verdict is not so against the great weight of the evidence that it is clearly unjust, and that the
evidence is factually sufficient to support a finding that appellant is criminally responsible, under the law of parties, for
capital murder. Issue three is overruled.

The trial court's judgment is affirmed.



 

ROGELIO VALDEZ

Chief Justice




Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

31st day of August, 2001.