NUMBERS 13-01-374-CR, 13-01-375-CR 
                                           AND 13-01-376-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
JOSE BENJAMIN ORTIZ,                                                            Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 197th District Court
of Cameron County, Texas.




 O P I N I O N

     Before Chief Justice Valdez and Justices Rodriguez and Garza
 
Opinion by Chief Justice ValdezThis opinion consolidates the decision of the Court in three related criminal appeals.
Appellant, Jose Benjamin Ortiz, was convicted of possession of a controlled substance and
sentenced to ten years imprisonment. See Tex. Health & Safety Code Ann. § 481.112
(Vernon 2003). His sentence was suspended and he was placed on probation for ten
years and fined $10,000. In appeal number 13-01-00376-CR, appellant contends the
evidence is legally insufficient to support this conviction because his confession was not
corroborated by independent evidence. 
          Appellant was also charged with intent to deliver a controlled substance (cocaine)
on two other occasions. Appellant filed written special verified pleas of double jeopardy
in both cases that were ruled on before trial, alleging that he was already punished for
these offenses in his conviction which is the subject of appeal number 13-01-00376-CR. 
The pleas were denied and appellant pleaded no contest. The trial court sentenced
appellant to ten years imprisonment for each offense, but suspended the sentence and
placed appellant on community supervision for ten years in each case.


 In case numbers
13-01-00374-CR and 13-01-00375-CR, appellant contends these two convictions violate
the double jeopardy rule. We affirm. 
I. Facts and Procedural History
          On February 8, 2000, Brownsville Police executed a search warrant on the home
of Matilde Ortiz after police conducted surveillance and observed high traffic consistent
with drug activity, and had a confidential informant purchase cocaine from the residence. 
Only Matilde Ortiz, appellant’s mother, and two other women were present when police
executed the search warrant. Police found rolling paper but no drugs inside the house. 
The police then conducted a search of a shed outside the home after Officer Rolando
Vasquez obtained the keys from Matilde Ortiz. K-9 Officer Troy Arnold and his search dog,
D’Jango, searched the shed. D’Jango alerted Officer Arnold to a box on top of a toolbox
in the shed, which D’Jango accidently knocked over. Police then found a digital scale, 20.6
grams of cocaine wrapped in a plastic bag, and board games. Matilde Ortiz was arrested
for possession of a controlled substance. 
          On June 12, 2000, a hearing was held to revoke Matilde Ortiz’s probation for an
unrelated offense based in part on her February 8th arrest. During, this hearing, Matilde
Ortiz’s attorney called appellant to the stand to testify as to who owned the cocaine. Prior
to appellant’s testimony, Judge Menton Murray advised appellant that he was not named
in the indictment of Matilde Ortiz for possession of cocaine and that he had the right
against self-incrimination. Appellant then testified under oath that the cocaine was his. He
specified that he wrapped the cocaine in a plastic bag and placed it in a chinese checkers
box inside the shed. The transcripts from this hearing were admitted into evidence and
read to the jury. A jury then found appellant guilty of possession of cocaine. 
          In the punishment phase of his trial, the State introduced evidence of two
extraneous offenses. The first extraneous offense, which is the subject of appeal number
13-01-00374-CR, occurred on August 9, 2000 when appellant was arrested for possession
of cocaine after he was stopped for reckless driving. During the pat-down, police
discovered eleven plastic bags of cocaine and charged him with possession of a controlled
substance. The second extraneous offense, which is the subject of appeal 13-01-00375-CR, occurred on September 13, 2000. Police executed a search warrant on a residence
in Brownsville, Texas where appellant and three others were arrested for selling drugs
including cocaine. 
II. Discussion
A. Corpus Delicti
          In appeal number 13-01-00376-CR, appellant contends the evidence is legally
insufficient to support his conviction because the corpus delicti rule requires independent
evidence apart from his extrajudicial confession to show the crime he confessed to was
actually committed. Specifically, appellant argues the evidence is legally insufficient
because the State only offered proof that cocaine was found on the floor in the shed rather
than in the chinese checkers box, where he had actually confessed to placing it. 
1. Standard of Review
          We review the legal sufficiency of the evidence to determine whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Cardenas v. State, 30 S.W.3d 384, 389 (Tex. Crim.
App. 2000). Sufficiency of the evidence is measured by a hypothetically correct jury
charge, which accurately sets out the law, is authorized by the indictment, and does not
unnecessarily increase the State’s burden of proof. Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Chavero v. State, 36 S.W.3d 688, 694 (Tex. App.–Corpus Christi
2001, no pet.). Inconsistencies in the testimony are resolved in favor of the verdict. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). In determining whether the
evidence is legally sufficient, we consider all the evidence, whether rightly or wrongly
submitted. Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). 
2. Analysis
          The indictment charged appellant intentionally or knowingly possessed more than
four but less than 200 grams of a controlled substance, namely cocaine. Therefore, the
State had to show that the appellant: (1) exercised actual care, custody, control, or
management of the contraband; and (2) knew the matter possessed was contraband. See
Lassaint v. State, 79 S.W.3d 736, 740 (Tex. App.–Corpus Christi 2002, no pet.) (stating
where theory of prosecution is possession of controlled substance, evidence must show
accused exercised control and had knowledge of controlled substance). 
          “The corpus delicti of a crime–any crime–simply consists of the fact that the crime
in question has been committed by someone.” Fisher v. State, 851 S.W.2d 298, 303 (Tex.
Crim. App. 1993). The corpus delicti rule provides that no criminal conviction can be based
on an accused’s extrajudicial confession unless the confession is corroborated by
independent evidence tending to establish the corpus delicti. Salazar v. State, 86 S.W.3d
640, 644 (Tex. Crim. App. 2002); Fisher, 851 S.W.2d at 302. However, the “corroboration
of extrajudicial confessions does not apply to a judicial confession, which is one made in
the course of a judicial proceeding while testifying as a witness.” Fancher v. State, 319
S.W.2d 707, 708 (1958); see Salazar, 86 S.W.3d at 645 n.18 (stating in-court judicial
confessions need not be corroborated). 
          Here, appellant’s confession was given while under oath in a judicial proceeding to 
revoke Matilde Ortiz’s probation based on the 20.6 grams of cocaine found in the shed of
her home. Appellant, after being warned that his statements could incriminate him,
confessed to the crime for which his mother was arrested and indicted. Accordingly, we
find that his testimony given at his mother’s revocation hearing was a judicial confession
that did not require independent corroboration of the corpus delicti. See Fancher, 319
S.W.2d at 708. Further, appellant’s confession affirmatively linked him to the cocaine
because it showed that he knew of the cocaine’s existence and exercised control over it. 
See King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995) (finding evidence legally
sufficient where evidence showed accused knowingly possessed cocaine). 
          Accordingly, we find the evidence is legally sufficient to support appellant’s
conviction. See Cardenas, 30 S.W.3d at 389. Appellant’s legal-sufficiency challenge is
overruled. 
B. Double Jeopardy
          Appellant contends the double jeopardy provision of the Texas Constitution bars the
State from prosecuting him for the offenses committed on August 10, 2000 (appeal number
13-01-00374) and September 13, 2000 (appeal number 13-01-00375) because these
subsequent unadjudicated offenses were used during the punishment for his conviction in
13-01-00376-CR in order to increase the sentence for that offense. We disagree.
          The Texas Constitution states, “[n]o person, for the same offense, shall be twice put
in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense,
after a verdict of not guilty in a court of competent jurisdiction.” Tex. Const. art. I, § 14. 
Double jeopardy provides the accused three protections: (1) it protects the accused
against a second prosecution of the same offense after he has been acquitted of that
offense; (2) it protects an accused against a second prosecution for the same offense after
a conviction of that offense; and (3) it protects the accused from multiple punishments for
the same offense. Lester v. State, 824 S.W.2d 775, 777 (Tex. App.–Houston [14th Dist.]
1992, pet. ref’d). Double jeopardy does not apply when subsequent extraneous offenses
are used during the punishment stage for a prior unrelated offense because consideration
of subsequent criminal activity does not equate to a trial, conviction, or punishment for the
unadjudicated offenses. See Ex Parte Broxton, 888 S.W.2d 23, 28 (Tex. Crim. App. 1994); 
Davis v. State, 839 S.W.2d 147, 148 (Tex. App.–Beaumont 1992, no pet.); Lester, 824
S.W.2d at 778-79. 
          Here, the State used appellant’s extraneous offenses committed on August 10,
2000 and September 13, 2000 to help the jury assess punishment for his conviction based
on his conduct that occurred on February 8, 2000. See Ex Parte Broxton, 888 S.W.2d at
27 (“The underlying rationale . . . is that the sentencer needs to have information about the
individual defendant, including his criminal background, in order to make the appropriate
sentencing decision–to make the sentence fit the offender.”). The extraneous offenses
were not used to punish appellant for those offenses, but rather considered by the jury in
determining the appropriate sentence for appellant. See id. We hold appellant was not
punished for the two extraneous offenses when he was sentenced for possessing 20.6
grams of cocaine and therefore suffered no double jeopardy violation under the Texas
Constitution. See id. at 25-26; Barnes v. State, 839 S.W.2d 118, 122 (Tex. App.–Dallas
1992, no pet.).
          Appellant’s double jeopardy issues are overruled. 
III. Conclusion
          The trial court judgments in all three appeals are affirmed.                       
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice
Do not publish.
TEX. R. APP. P. 47.2 (b)
Opinion delivered and filed
this 13th day of May, 2004.