NO. 07-12-00062-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 17, 2012

_____

ADRIAN MARCOS RAMOS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 21,385-C; HONORABLE ANA ESTEVEZ, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Adrian Marcos Ramos appeals from the judgment revoking his community supervision and sentencing him to ten years of imprisonment and imposing on him a $1,000 fine. Appellant's attorney has filed a brief in compliance with *Anders* v. *California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) and certifies that there are no non-frivolous issues to appeal. Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue that could support the appeal, we affirm the trial court's judgment.

Appellant was indicted for burglary of a habitation.[1]   In November 2010, appellant plead guilty to that offense and was placed on community supervision for a period of ten years.  Appellant's supervision was conditioned on his compliance with specified terms and conditions. In March 2011, the State filed a motion to revoke appellant's community supervision.  The court heard the motion on December 20, 2011.

At the hearing, appellant plead "true" to each of the State's allegations.  The court received evidence concerning each, including appellant's own testimony in which he acknowledged failing to make required payments, failing to report as required, and committing new criminal offenses.

Based on appellant's pleas of "true" and the evidence presented before it, the court revoked appellant's community supervision and assessed appellant's punishment at confinement in the Institutional Division for a period of ten years.  The court certified appellant's right of appeal, and he timely filed notice of appeal.

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds on which a non-frivolous appeal arguably can be predicated.  The brief discusses the procedural history of the case and the proceedings in connection with the motion to revoke appellant's community supervision.   Counsel discusses the applicable law and sets forth the

---

[1]  *See* Tex. Penal Code Ann. § 30.02 (West 2011).

reasons he believes there are no arguably meritorious issues on which to appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.-- Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Counsel concludes the court did not abuse its discretion in revoking appellant's community supervision. Appellant plead "true" to all of the State's allegations. A plea of "true" to even one allegation in the State's motion is sufficient to support a judgment revoking community supervision. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Lewis v. State,* 195 S.W.3d 205, 209 (Tex.App.–San Antonio 2006, pet. denied).

Counsel also determines the record does not support a contention that the court acted outside the zone of reasonableness in imposing appellant's sentence as it was within the range prescribed by the Penal Code for this offense. *See* Tex. Penal Code Ann. § 30.02 (West 2011); Tex. Penal Code Ann. § 12.33 (West 2011). *See also Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim.App. 1973); *Rodriguez v. State,* 917

3

S.W.2d 90, 92 (Tex.App.–Amarillo 1996, pet. ref'd) (Texas courts have traditionally held that a sentence within the range of punishment established by the Legislature in a valid statute does not violate state or federal prohibitions).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal from the revocation and sentence. We agree the record presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2]Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.