# NO. 12-13-00340-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM CRAIG DEMPSEY,* *APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant, William Craig Dempsey, pleaded guilty of the offense of murder to the trial court. A jury was then selected that assessed his punishment at imprisonment for life. Appellant raises two issues on appeal. We affirm.

### BACKGROUND

On September 9, 2013, Appellant's counsel informed the court that Appellant chose to plead guilty to the court but proceed to trial before a jury on punishment.

The State offered State's Exhibit No. 1, Felony Defendant's Jury Waiver on Plea of Guilty. In that document, Appellant waived his right to a jury trial, confessed to the offense as charged, and requested the trial court determine his guilt. The trial court administered the appropriate admonishments and heard Appellant's oral plea of guilty. The court found Appellant guilty of murder.

A jury was then selected to determine punishment. The trial court recessed the case until October 15, 2013, which was over a month later.

On October 15, 2013, Appellant's counsel filed a "Motion for Mistrial and in the Alternative Motion for Withdrawal of Counsel." Appellant's counsel told the court that Appellant wanted to change his plea because he was not guilty. The motion was denied, and the

punishment trial began that day. The trial court administered an oath to the jury, but not the oath required by statute. Neither party objected. After the first witness had testified to his background, experience, and initial response to the scene, the court stopped the testimony and administered the proper oath to the jury. There were no objections, and testimony resumed.

The case went to the jury on October 17, 2013. The jury returned a verdict of life imprisonment.

## FAILURE TO GRANT MISTRIAL OR ALLOW CHANGE OF PLEA

In his first issue, Appellant claims that the trial court committed fundamental error in refusing to allow him to change his plea and in denying his motion for mistrial.

If a defendant requests permission to withdraw a guilty plea after the trial court has taken the case under advisement or pronounced judgment or after the jury has retired, the withdrawal of the plea is within the sound discretion of the trial court. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979); *Crumpton v. State*, 179 S.W.3d 722, 724 (Tex. App.— Fort Worth 2005, pet. ref'd).

At the hearing on his motion for mistrial, Appellant told the trial court that he felt "pressured by the whole situation" to enter his plea of guilty the month before. He said it was a mistake because he was not guilty of the offense.

One month before, at the hearing on his plea, Appellant told the trial court that he was pleading guilty because he was guilty and for no other reason. He testified that he had not been promised anything to plead guilty and that no one, including his lawyer, had forced, coerced, or coaxed him into pleading guilty. In denying Appellant's motion, the trial judge observed that "he clearly seemed to understand what he was doing and where we were going."

Appellant argues that he had a fundamental right to change his plea before the jury selected to determine his punishment was sworn. But that is not the rule. A defendant may withdraw his guilty plea as a matter of right without assigning a reason until judgment has been pronounced or the case has been taken under advisement. *Jackson*, 590 S.W.2d at 515. After that, the decision to allow or deny Appellant's request to withdraw his guilty plea lay within the sound discretion of the trial court. *See id*.; *Crumpton*, 179 S.W.3d at 724.

The trial court did not abuse its discretion in refusing Appellant's request to change his plea by denying his motion for mistrial. Appellant's first issue is overruled.

2

## JURY NOT PROPERLY SWORN

In his second issue, Appellant argues the trial court's failure to administer the statutory oath to the jury until after testimony commenced was fundamental error. He argues that since the error was fundamental, no objection was necessary.

A complete failure to administer the proper jury oath is reversible error and may be raised for the first time on appeal. *White v. State*, 629 S.W.2d 701, 704 (Tex. Crim. App. 1981). However, a complaint regarding the untimely administration of the proper oath may not be raised for the first time on appeal. *Id*.; *see also* *Woodkins v. State*, 542 S.W.2d 855, 860-61 (Tex. Crim. App. 1976); *Northcutt v. State*, 229 S.W.2d 373, 375 (1950); *Caldwell v. State*, 12 Tex. App. 302, 316 (1882).

The trial court interrupted the direct examination of the State's first witness and gave the jury the proper statutory oath. Appellant raised no objection to the procedure followed in the trial court. He may not complain of the irregularity for the first time on appeal. *See White*, 629 S.W.2d at 704. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's two issues, the judgment is ***affirmed***.

**BILL BASS**
Justice

Opinion delivered July 31, 2014.
*Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2014**

**NO. 12-13-00340-CR**

**WILLIAM CRAIG DEMPSEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 18,116)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*