**Opinion issued March 25, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00325-CR

_____

**MICHAEL CHANNING MCCANN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 6**
**Harris County, Texas**
**Trial Court Case No. 1841860**

---

## O P I N I O N

The trial court found appellant, Michael Channing McCann, guilty of

driving while intoxicated ("DWI")[1] and assessed his punishment at three days'

---

[1]    *See* TEX. PENAL CODE ANN. § 49.04(a) (Vernon Supp. 2013).

confinement in the Harris County Jail and a $1000 fine. In his sole issue on appeal, appellant argues that the evidence was legally insufficient to establish that he operated the vehicle while he was intoxicated.

We affirm.

## Background

Officer L. Garcia was dispatched to a commercial building on Bay Area Boulevard on July 27, 2012, at approximately 2:00 a.m., based on a report that a man was wandering in front of the building and that the man "wasn't aware of where he was." Officer Garcia arrived approximately five to ten minutes after being dispatched, and the person who had made the report pointed Garcia in the direction of the man, whom Garcia identified in court as appellant.

Officer Garcia approached appellant and observed that he appeared intoxicated: appellant had slurred speech and could not stand still. Officer Garcia testified that appellant told him he had been drinking with a family member in League City but had left after arguing with his brother. Appellant told Officer Garcia that he got lost after leaving League City and then drove off the road and hit something. Appellant told Officer Garcia that he was trying to get back to his vehicle.

Officer Garcia testified that, at that point, he placed appellant in the back of his patrol car and went in search of appellant's vehicle, but appellant told Garcia

2

that he was unfamiliar with the area and could not remember where he had left it. Officer Garcia and appellant located the vehicle about five minutes later, approximately 300 to 400 yards from where Officer Garcia first encountered appellant. Appellant acknowledged that the vehicle—located in a median in front of an apartment complex—was his. Officer Garcia did not encounter any pedestrians while he searched for the car with appellant.

Officer T. Berry had also been dispatched to the building on Bay Area Boulevard in reference to the accident. When he arrived at the scene, Officer Berry found Officer Garcia and appellant standing next to a maroon Nissan Altima in a grassy median. The front end of the vehicle was up against a tree in the median, and Officer Berry observed that the vehicle's airbags had deployed and that the vehicle's hood was warm—"warmer than the ambient air temperature." Appellant told Officer Berry that he had been drinking wine at a family member's home, got into an argument with his brother, attempted to drive the vehicle back to his hotel, and got lost. Officer Berry observed that appellant demonstrated signs of intoxication such as "slurred speech, staggered stance, and red, watery eyes." Appellant also told Officer Berry that "the air bag had hit him pretty hard."

Officer Berry testified about the area where officers discovered appellant's wrecked vehicle. Officer Berry did not observe any pedestrian traffic in the area, and the vehicular traffic was light. Officer Berry also testified that it was a "very

3

quiet" area of town. There were no bars nearby, and there were no establishments that sold alcohol in the area. Officer Berry stated that the nearest bar was approximately four to five miles from where appellant's vehicle was found crashed and that the only nearby place that sold alcohol—which was between two and two-and-a-half miles away—closed at 10:30 p.m.

A third officer, Officer N. Slight, arrived on the scene of the accident. He noticed that appellant had red, watery eyes, slurred speech, and "the odor of alcohol coming from his breath and person." Appellant told Officer Slight that he had drunk a margarita and three glasses of wine. Officer Slight administered standard field sobriety tests to appellant. Officer Slight testified that appellant demonstrated six out of six clues of intoxication on the horizontal gaze nystagmus test, four out of eight clues of intoxication on the walk-and-turn test, and four out of four clues on the one-leg stand test. Officer Slight reached the conclusion that appellant demonstrated multiple indicators of intoxication and was too impaired to drive safely. He transported appellant to the county jail, where appellant declined to provide a breath sample. At some point during or after the booking process, appellant complained of chest and wrist pain, so the police called for an ambulance.

The trial court found appellant guilty of DWI, and this appeal followed.

## Sufficiency of the Evidence

In his sole issue, appellant argues that the evidence was legally insufficient to support his DWI conviction.

## A.     Standard of Review

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011) (holding that *Jackson* standard is only standard to use when determining sufficiency of evidence).  Our review of "all of the evidence" includes evidence that was properly and improperly admitted.  *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  Furthermore, direct and circumstantial evidence are treated equally, and circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor.  *Id.*  Circumstantial evidence alone can be sufficient to establish guilt.  *Id.*  The fact finder is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the testimony.  *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008).  We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder.  *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see also Clayton*,

235 S.W.3d at 778 ("When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination.").

**B.    Satisfaction of the *Corpus Delicti* Rule**

Appellant argues in part that the State presented no corroborating evidence to support his extrajudicial statement to the police officers at the scene that he had been drinking and had run off the road and hit something, and, thus, the State had failed to satisfy the *corpus delicti* rule.  Appellant contends that his extrajudicial statement, standing alone, is legally insufficient to establish his guilt.

In Texas law, "*corpus delicti*" means the "harm brought about by the criminal conduct of some person."  *Gribble v. State*, 808 S.W.2d 65, 70 (Tex. Crim. App. 1990).  The *corpus delicti* rule requires some corroboration of a confession with evidence of a harm brought about by the criminal conduct of some person.  *Gonzales v. State*, 190 S.W.3d 125, 130–31 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (citing *Gribble*, 808 S.W.2d at 70); *see Salazar v. State*, 86 S.W.3d 640, 644 (Tex. Crim. App. 2002).  The purpose of the corroboration requirement is to ensure that a person confessing to a crime is not convicted without independent evidence that the crime actually occurred.  *Salazar*, 86 S.W.3d at 644–45.  Therefore, the *corpus delicti* rule is satisfied if some evidence exists outside of the extrajudicial confession which, considered alone or in

6

connection with the confession, shows that the crime actually occurred. *Id.* at 645. The corroborating evidence need not prove the underlying offense conclusively; there simply must be some evidence that renders the commission of the offense more probable than it would be without the evidence. *Gonzales*, 190 S.W.3d at 131 (citing *Cardenas v. State*, 30 S.W.3d 384, 390 (Tex. Crim. App. 2000)).

The Penal Code provides that a person commits the offense of DWI if he is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (Vernon Supp. 2013). Thus, the *corpus delicti* of DWI is that someone drove or operated a motor vehicle in a public place while intoxicated. *Layland v. State*, 144 S.W.3d 647, 651 (Tex. App.—Beaumont 2004, no pet.); *Zavala v. State*, 89 S.W.3d 134, 137 (Tex. App.—Corpus Christi 2002, no pet.) (citing *Threet v. State*, 250 S.W.2d 200, 200 (Tex. Crim. App. 1952)).

While none of the investigating officers saw appellant driving the vehicle, other evidence corroborated appellant's statement that he had left the place where he had been drinking, got lost, drove off the road, and hit something. *See Laster v. State*, 275 S.W.3d 512, 522–23 (Tex. Crim. App. 2009) (holding that fact finder may draw reasonable inferences from evidence and choose which inference is most reasonable). Police found appellant intoxicated and wandering within 300 to 400 yards of where the crashed vehicle was located. The vehicle was found on a median, crashed into a tree. Appellant acknowledged that the crashed vehicle

7

belonged to him. He complained of chest and wrist pain, which corresponded to his being struck by deploying air bags. Officer Slight testified that the hood of appellant's vehicle was warmer than the ambient air temperature when he arrived at the scene of the accident, indicating that the engine had recently been running, and that appellant demonstrated multiple signs of intoxication. All of the officers testified that there were no other pedestrians in the area. Thus, there was no one else around who could have been the driver of the recently crashed vehicle. And Officer Berry testified that there was no place nearby where appellant could have purchased alcohol.

Appellant argues that this evidence is insufficient to corroborate his extrajudicial statement to police, citing cases like *Threet* and *Coleman v. State* to support his argument. However, we find the cases cited by appellant to be distinguishable from the present case.

In *Threet*, a highway patrolman found an overturned vehicle with no driver. 250 S.W.2d at 200. The patrolman located the defendant in a hospital, where the defendant, who appeared to be intoxicated, admitted to the patrolman that he was the driver of the crashed vehicle. *Id.* The Court of Criminal Appeals held that the evidence was insufficient to support the appellant's conviction:

> Outside of appellant's confession, we have only a turned-over or wrecked pick-up on the highway to establish his guilt. Except for such confession, there is no testimony that he was the driver of the

truck, that he owned the truck, or that he was seen at the place of the wreck.

*Id.* Here, however, as discussed above, we have more than just a wrecked vehicle.

In *Coleman*, officers arrived at the scene of a traffic accident to find three or four people standing near two stationary vehicles. 704 S.W.2d 511, 511 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). Coleman, who was intoxicated, told officers at the scene that he had been driving and had "run into" the vehicle in front of him. *Id.* No other evidence was presented. *See id.* This Court observed that there was no evidence, other than Coleman's extrajudicial confession, to show that he was driving the vehicle and "no evidence whatsoever to show that he was intoxicated *at the time he was driving.*" *Id.* at 512 (emphasis in original). This Court held that the *corpus delicti* of DWI was not satisfied, contrasting Coleman's case with cases in which a defendant's statement was corroborated by evidence that the car was registered in his name and that no one else was with him or by a witness who heard the accident and found the crashed car containing only the defendant. *Id.* (citing *Sandoval v. State*, 422 S.W.2d 458 (Tex. Crim. App. 1967), and *Perez v. State*, 432 S.W.2d 954 (Tex. Crim. App. 1968)). Here, however, as discussed above, appellant described how the accident occurred. He was the only person in the area; he was found near the scene of the crash; he searched with Officer Garcia for his vehicle; he acknowledged that the vehicle belonged to him; he had injuries corresponding to having been struck by the deployed air bag; the

9

hood of his vehicle was still warm when Officer Berry arrived on the scene; he smelled of alcohol to Officer Slight; and he exhibited multiple clues of intoxication when administered the field sobriety tests.

Other courts have found evidence similar to that in this case sufficient to corroborate a defendant's extrajudicial statement. In *Rawls v. State*, a wrecker driver flagged down a police patrol and informed the officers that the defendant, Rawls, had had a minor accident. 318 S.W.2d 662, 663 (Tex. Crim. App. 1958). Police found Rawls next to an inoperable car, and Rawls told the police that he had hit something and then had driven as far as he could, but his car would no longer run. *Id.* The police, accompanied by Rawls, followed a trail of water from what appeared to be a leaking radiator until they found a telephone pole that had been hit and broken approximately eight blocks away. *Id.* Upon returning to the vehicle, police observed that the radiator and motor were still hot. *Id.* The trial court also admitted evidence that Rawls was intoxicated at the time. *Id.* The Court of Criminal Appeals affirmed Rawls' conviction, even though "[t]he only direct evidence that [Rawls] had driven a motor vehicle upon a public street was his statement or confession," stating,

> The fact that appellant failed to challenge the statement of the driver of the wrecker or in any other manner failed to challenge the implication that it was his automobile which the officer trailed and which was found at the site is deemed sufficient circumstance to corroborate his extrajudicial confession that he was the driver of the automobile.

10

*Id.* (relying on *Fancher v. State*, 319 S.W.2d 707, 708 (Tex. Crim. App. 1958) (holding that ownership of vehicle and presence at scene of crash sufficiently corroborated appellant's statement)). Likewise, here, appellant described running off the road and striking something. He then accompanied Officer Garcia on a search for his car, acknowledged that the crashed vehicle belonged to him when it was found, and did not make any other statements or present any evidence challenging that acknowledgment. He was found within 300 to 400 yards from the site of his crash with an inanimate objecte, and the hood of his vehicle was still warm. Appellant also failed all three field sobriety tests administered to him and complained of injuries consistent with his having been struck by a deployed air bag, as he had described.

In *Folk v. State*, the Austin Court of Appeals held that evidence that the vehicle in question was registered to a person with whom the defendant lived was sufficient to corroborate his admission that he was driving the vehicle that night. 797 S.W.2d 141, 144 (Tex. App.—Austin 1990, pet. ref'd). In *Zavala*, the Corpus Christi Court of Appeals held that evidence that the appellant was purchasing the vehicle and had taken possession of it, together with the condition of the vehicle at the time officers arrived on the scene, was sufficient to corroborate his statement. 89 S.W.3d at 137 & n.5.

Thus, we conclude that there is evidence outside of appellant's extrajudicial confession showing that the crime of DWI was committed. Therefore, the *corpus delicti* rule was satisfied. *See Salazar*, 86 S.W.3d at 645 (holding that *corpus delicti* rule is satisfied if some evidence exists outside of extrajudicial confession which, considered alone or in connection with confession, shows that crime actually occurred); *Gonzales*, 190 S.W.3d at 131 (holding that corroborating evidence need not prove underlying offense conclusively); *Layland*, 144 S.W.3d at 651 (holding that *corpus delicti* of DWI is that someone drove or operated motor vehicle in public place while intoxicated).

## C. Evidence That Appellant Drove While Intoxicated

Appellant also argues that the evidence is legally insufficient to show that he operated a vehicle while intoxicated. A person commits the offense of driving while intoxicated if the person is intoxicated while driving or operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a). To support a finding that the defendant was intoxicated while operating a motor vehicle, there must be a temporal link between the defendant's intoxication and his driving. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). Such a finding can be supported by direct or circumstantial evidence. *Id.* (holding that conviction can be supported solely by circumstantial evidence). "Being intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that

12

the actor's intoxication caused the accident, and the inference of causation is even stronger when the accident is a one-car collision with an inanimate object." *Id.*

Here, appellant does not challenge the State's evidence that he was intoxicated at the time he interacted with Officers Garcia, Berry, and Slight. Rather, he argues that there was no evidence that he was intoxicated while he operated the vehicle. We disagree.

Officer Garcia discovered appellant near the scene of a one-car collision with an inanimate object. Appellant acknowledged that the vehicle belonged to him and told officers at the scene that he had been drinking at a family member's house and drove away following a fight with his brother. He became lost on his way back to his hotel, drove off the road, and hit something. Officer Berry testified that he observed that the hood of the vehicle was warm when he arrived on the scene. Officer Berry also testified that the air bags had been deployed and that appellant complained of chest and wrist pain. All of the officers testified that there were no other pedestrians in the area, and Officer Berry testified that there were no bars or establishments that sell alcohol in the area. All three officers testified that appellant appeared intoxicated, and Officer Slight testified that appellant smelled of alcohol and failed all three field sobriety tests that were administered to him.

13

Even without knowing the exact time span between when the accident occurred and when Officers Garcia and Berry arrived on the scene, this evidence, when viewed in the light most favorable to the verdict, is sufficient to support the trial court's finding that appellant was intoxicated while he was driving the vehicle. *See Kuciemba*, 310 S.W.3d at 462 (holding that circumstantial evidence may support temporal link between defendant's intoxication and his driving); *Weems v. State*, 328 S.W.3d 172, 177 (Tex. App.—Eastland 2010, no pet.) ("The State need not establish the precise time of an accident or of the defendant's driving to prove the offense of driving while intoxicated.") (citing *Kuciemba*, 310 S.W.3d at 462, *Kennemur v. State*, 280 S.W.3d 305, 314 n.8 (Tex. App.—Amarillo 2008, pet. ref'd), and *Zavala*, 89 S.W.3d at 139).

The warmth of the hood is some evidence that the accident occurred a relatively short time before police arrived on the scene. *See Warren v. State*, 377 S.W.3d 9, 14 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) ("The warmth of the hood and cab of the truck is some evidence that the accident occurred a short time before Deputy Drake arrived.") (citing *Rawls*, 318 S.W.2d at 663). The facts that appellant smelled of alcohol and failed the field sobriety tests, there were no other pedestrians nearby who could have been involved in the crash, and there were no bars or establishments that sold alcohol in the area likewise support the trial court's conclusion that appellant was intoxicated at the time he drove his car

14

into the area and crashed on the median. *See Weems*, 328 S.W.3d at 175–76 (holding that evidence was sufficient to establish that appellant operated vehicle while intoxicated when vehicle was registered to appellant's mother, who testified that he had vehicle on night in question, appellant was found four-tenths of a mile from accident scene in rural area, and police and EMS personnel saw no one else in area). Furthermore, appellant told police officers that he had been drinking with a family member before he left the house to drive back to his hotel. Appellant told Officer Slight that he had consumed one margarita and three glasses of wine before driving away from his relative's home. *See Zavala*, 89 S.W.3d at 137–38 (considering appellant's extrajudicial statement to police in determining evidence was sufficient to support DWI conviction when sufficient evidence corroborated appellant's statement) (citing *Self v. State*, 513 S.W.2d 832, 835 (Tex. Crim. App. 1974) (holding that confession may be used to aid in establishment of *corpus delicti* if there is some evidence corroborating it)).

Viewing all of the evidence in the light most favorable to the trial court's verdict, we determine that the trial court could have found, beyond a reasonable doubt, that appellant operated a vehicle in a public place while he was intoxicated. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789 (providing standard for reviewing sufficiency of evidence); *Kuciemba*, 310 S.W.3d at 462.

15

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Publish.   TEX. R. APP. P. 47.2(b).