

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00193-CR

George R. **LUNA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 405848
Honorable John Longoria, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
    Marialyn Barnard, Justice
    Patricia O. Alvarez, Justice

Delivered and Filed:  November 4, 2015

AFFIRMED

Appellant George Luna was convicted by a jury of driving while intoxicated.  The trial court assessed punishment at 180 days confinement in the Bexar County Jail; the sentence was suspended and probated for a period of one year.  On appeal, Luna argues the evidence is insufficient to support intoxication and that he received ineffective assistance of counsel.  We affirm the trial court's judgment.

**FACTUAL BACKGROUND**

The State called three witnesses to testify regarding Luna's actions immediately before and during the officer's involvement.

**A.  Captain Joery Smittick**

San Antonio police officer Captain Joery Smittick was the State's first witness. On October 4, 2012, at approximately 2:00 a.m., Captain Smittick heard a loud noise that he thought was a burglar alarm. He followed the noise to a Wendy's fast food restaurant, located on San Pedro Avenue, in San Antonio, Texas. In the Wendy's drive-through lane, Captain Smittick located Luna's vehicle, a silver Mitsubishi sports utility vehicle. Captain Smittick requested officer assistance and then approached the vehicle. As Captain Smittick approached the vehicle, he instructed Luna to turn off his vehicle. Luna was in the driver's seat and the only occupant in the vehicle.

Captain Smittick immediately detected the smell of intoxicants on Luna's breath and noted Luna had bloodshot eyes. Instead of turning off the ignition, Luna attempted to drive away. At the same time Luna was driving out of the drive-through, San Antonio Police Detective Charles Marcus pulled into the parking lot and was able to prevent Luna from proceeding any further.

While Detective Marcus focused his attention on Luna, Captain Smittick turned his attention to another vehicle, owned by Beatrice Blackman, which had entered the parking lot. Captain Smittick testified two individuals exited Blackman's vehicle and reported Luna's vehicle had recently struck the passenger's bicycle and continued driving down San Pedro Avenue.

**B.  Detective Charles Marcus**

Detective Marcus, a twenty-five year veteran of the San Antonio Police Department, arrived at the Wendy's parking lot as Captain Smittick was "yelling at the driver, trying to get his attention, to stop the vehicle, and the driver was taking off at the same time." Detective Marcus

positioned his vehicle to block Luna's exit, forcing Luna to pull into the parking area of the restaurant.

When Detective Marcus approached the vehicle, he noticed Luna had bloodshot, glassy eyes and "a strong odor of intoxicants on his breath." Detective Marcus requested Luna's driver's license and Luna handed Detective Marcus his Visa credit card. After fumbling through his wallet again, Luna finally produced a copy of his driver's license.

Detective Marcus requested Luna exit the vehicle and, after walking to a flat section of the parking lot, began conducting field sobriety tests. Detective Marcus first conducted the horizontal gaze nystagmus test wherein Luna exhibited all six markers indicating intoxication. On the second test, the walk-and-turn test, Luna was unable to perform the test due to his inability to follow Detective Marcus's instructions. After determining Luna was too unsteady to safely perform the one-leg stand test, Detective Marcus placed Luna under arrest for driving while intoxicated.

## C.      Beatrice Blackman

The final witness called by the State was Beatrice Blackman. Blackman testified that she was driving down San Pedro Avenue when she noticed Luna's vehicle driving very slowly. Without notice, the vehicle sped up and took off around the corner. At that point, Blackman saw that Luna's vehicle had hit a bicyclist and damaged his bicycle to the point it was not usable. According to Blackman, Luna never pulled over after hitting the bicycle, he simply "kept going."

Blackman stopped and offered assistance to the cyclist, even offering to drive him home. They loaded the bicycle in Blackman's vehicle and, as they continued down San Pedro Avenue, Blackman noticed Luna's vehicle in the Wendy's parking lot. Blackman testified that she pulled into the parking lot and reported the previous incident to the officers.

## SUFFICIENCY OF THE EVIDENCE

### A.    Standard of Review

In reviewing the sufficiency of the evidence, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011); *see also Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010). "This standard recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence. . . ." *Adames*, 353 S.W.3d at 860. The reviewing court must also give deference to the jury's ability "'to draw reasonable inferences from basic facts to ultimate facts.'" *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Jackson*, 443 U.S. at 319 (1979)). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id*. (citing *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1985)); *accord Clayton*, 235 S.W.3d at 778.

### B.    Elements of the Offense

The offense of driving while intoxicated requires the State to prove beyond a reasonable doubt: (1) a person (2) drove or operated a vehicle (3) in a public place (4) while intoxicated. TEX. PENAL CODE ANN. § 49.04 (West 2011). Luna argues there was insufficient evidence to prove that he was intoxicated. As relevant to this case, intoxication is defined as not having the normal use of mental or physical faculties due to consumption of alcohol. TEX. PENAL CODE ANN. § 49.01(2)(A).

The State must show a "temporal link" between the defendant's intoxication and his operation of the vehicle. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010); *accord*

*McCann v. State*, 433 S.W.3d 642, 649 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Driving while intoxicated may be supported solely by circumstantial evidence. *Kuciemba*, 310 S.W.3d at 462; *McCann*, 433 S.W.3d at 649.

**C.    Analysis**

In this case, the jury's finding of intoxication is supported by (1) Captain Smittick's and Detective Marcus's testimony that Luna's breath smelled like alcohol, and his eyes appeared bloodshot and glassy, (2) Luna's actions at the Wendy's drive-thru lane, (3) Luna's performance on field sobriety tests indicating that he was intoxicated, (4) Detective Marcus's opinion testimony that Luna had lost the use of his mental and physical faculties, and (5) evidence that Luna was traveling at a very low rate of speed, and (6) evidence thatLuna sped up after he struck a bicyclist and continued down the road. *See Garcia v. State*, 314 S.W.3d 654, 658–59 (Tex. App.—Amarillo 2010, pet. ref'd) (holding on similar evidence, "[t]his is some evidence upon which a rational jury could deduce, beyond a reasonable doubt, that appellant was driving while intoxicated.").

The testimony of an officer regarding his opinion that the defendant was intoxicated is sufficient to establish intoxication. *See Brister v. State*, 414 S.W.3d 336, 341 (Tex. App.—Beaumont 2013), *aff'd*, 449 S.W.3d 490 (Tex. Crim. App. 2014) (citing *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979)); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (same). Captain Smittick testified Luna's incessant honking was what initially caught his attention. When he approached Luna's vehicle, Captain Smittick smelled alcohol emanating from Luna; this coupled with Luna bloodshot eyes, was sufficient evidence to raise suspicion that Luna was driving while intoxicated. Additionally, Detective Marcus testified that he observed clues indicative of intoxication in each of the sobriety tests: 1) in the horizontal gaze nystagmus—six of six clues were observed; and 2) in the walk and turn, Luna could not

follow his instructions and the test was aborted. Detective Marcus further testified he did not conduct the one-leg stand out of fear that Luna would fall and injure himself.

The sobriety tests, Luna's appearance, Luna's actions, and his erratic driving support a finding that Luna did not have normal use of his mental or physical faculties. Accordingly, we conclude the verdict is supported by legally sufficient evidence. *See Adames*, 353 S.W.3d at 860; *Clayton*, 235 S.W.3d at 778; *Brooks*, 323 S.W.3d at 894–95.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Luna's remaining issues emanate from his allegations he received ineffective assistance of counsel. Luna contends his trial counsel failed to inform him of his right to testify during the guilt-innocence portion of the trial and that his counsel's performance was so deficient that he was deprived of a fair trial.

### A.      Standard of Review

In order to establish his trial counsel rendered ineffective assistance, Luna must "establish two components by a preponderance of the evidence: deficient performance of trial counsel and harm resulting from that deficiency that is sufficient to undermine the confidence in the outcome of the trial." *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *accord Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). To prove the first prong, deficient performance, Luna must prove that his attorney's performance "'fell below an objective standard of reasonableness' under prevailing professional norms and according to the necessity of the case." *Ex parte Moore*, 395 S.W.3d at 157 (quoting *Strickland*, 466 U.S. at 687–88). To prove harm, Luna "must demonstrate that he was prejudiced by his attorney's performance or that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. at 158 (citations omitted) (quoting *Strickland*, 466 U.S. at 694).

"An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* Luna "'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Ex parte Moore*, 395 S.W.3d at 157 (quoting *Strickland*, 466 U.S. at 689).

"A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal." *Thompson*, 9 S.W.3d at 813. "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Id.* at 813–14. "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). In the absence of a developed record, we will not "speculate as to the reasons why trial counsel acted as he did, rather [we] must presume that the actions were taken as part of a strategic plan for representing the client." *Rodriguez v. State*, 336 S.W.3d 294, 302 (Tex. App.—San Antonio 2010, pet. ref'd). Moreover, an "appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Menefield*, 363 S.W.3d at 593 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

## B.     Analysis

Luna contends his counsel failed to inform him of his right to testify during the guilt-innocence portion of the trial. Luna further alleges that he informed his trial counsel he wished to testify, but that his attorney did not call him or any other witnesses to testify in Luna's defense. The record is silent as to what conversations transpired between Luna and his trial counsel or trial counsel's reasons for not calling any witnesses to testify and we will not speculate as to trial

counsel's reasons. *See Rodriguez*, 336 S.W.3d at 302. We do note, however, Luna's trial counsel performed extensive cross-examination on each of the state's witnesses, including showing inconsistencies between trial testimony and witness testimony during other proceedings on this matter.

Based on the state of the record before us, silent as it is on trial counsel's actions and reasons therefore, Luna has failed to rebut the strong presumption that counsel's representation was within a wide range of reasonable, professional assistance and was motivated by sound strategy. *See Thompson*, 9 S.W.3d at 813–14. Accordingly, Luna failed to prove the first prong of the *Strickland* test, and thus, cannot prove his claim of ineffective assistance of counsel. *Ex parte Moore*, 395 S.W.3d at 157.

## CONCLUSION

Having overruled all of Luna's issues on appeal, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH