**Opinion filed August 18, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00026-CR
_____

## JONATHAN COLE PORTER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-41,288**

## M E M O R A N D U M   O P I N I O N

The jury convicted Jonathan Cole Porter of driving while intoxicated, subsequent offense, as charged in the indictment.[1] The State alleged an enhancement paragraph for a prior felony conviction. Appellant pleaded "true" to the enhancement paragraph, and the jury assessed punishment at confinement for fifteen

---

[1]*See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2016).

years and a $2,500 fine.[2]  The trial court sentenced him accordingly.  In one issue on appeal, Appellant asserts that the State failed to adduce sufficient evidence to prove beyond a reasonable doubt that he was the driver and operator of the motor vehicle. We affirm.

## I. *The Charged Offense*

The grand jury alleged in the indictment that Appellant operated a motor vehicle in a public place while intoxicated and that Appellant had twice before been convicted of the offense of driving while intoxicated.  A person commits the offense of driving while intoxicated, subsequent offense or felony repetition, "if the person is intoxicated while operating a motor vehicle in a public place" and if "the person has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated."  PENAL §§ 49.04(a), 49.09(b)(2).

The offense of driving while intoxicated, subsequent offense, is a third-degree felony.  *Id.* § 49.09(b)(2).  However, the punishment for a third-degree felony may be enhanced to that for a second-degree felony when the person has a prior felony conviction.  *Id.* § 12.42(a).  The punishment range for a second-degree felony is confinement for not more than twenty years but not less than two years, and a fine of up to $10,000 may be imposed.  *Id.* § 12.33(a), (b).  Appellant pleaded not guilty to the offense and proceeded to trial.

## II. *The Evidence at Trial*

Caleb Vieth testified that, late one evening as he stood outside at a friend's house on Fargo Street in Odessa, he heard a crash.  Vieth was about to leave, so he got into his car, drove down Fargo Street, and turned onto Oakwood Street.  As Vieth approached the intersection of Oakwood Street and Cimarron Street, he saw a car partially in a tree and partially resting on top of a pickup that was located in the

---

[2]PENAL § 12.33(a), (b) (West 2011).

driveway of 1424 Cimarron Street. He stopped, got out of his car, and walked toward the accident scene. Vieth saw the owner of the pickup come out of the house at 1424 Cimarron Street. But he did not see anyone inside the car or trying to crawl out of the car, and he did not see anyone on the street except for Appellant, who was lying on the ground near the car—"six feet from the driver's side door."

Matt Davidson, a lieutenant with the Odessa Police Department, arrived at the accident scene and saw a car sitting partially on top of a pickup, but he did not see anyone in the car. Lieutenant Davidson located Appellant lying on the sidewalk near the car; Appellant had a strong odor of alcohol on him.[3] Appellant also had a lot of blood on his face and had scratches on his body. In addition, Appellant's pants were halfway down between his knees and waist. Appellant was not responsive when Lieutenant Davidson spoke to him. Lieutenant Davidson looked for others in the car and in the immediate area, but he found no one else.

Robin Smith, a Sergeant from the Odessa Police Department, arrived at scene of the accident, spoke with Lieutenant Davidson, completed an investigation, and an accident reconstruction in the case.

Sergeant Smith explained that, just before the driver lost control of his car, the car had reached a speed of approximately 76 miles per hour on Oakwood Street, which has a 35-mile-per-hour speed limit. As the driver of the car lost control and the car spun, the car went into the yard at 1424 Cimarron Street, hit a fire hydrant and tree, then vaulted upward, and fell on top of the pickup in the driveway.

Sergeant Smith explained that he found blood on the interior of the driver's side of the car where the driver's head and face had struck the interior of the car.

---

[3]Robin Blake, an officer with the Ector County Hospital District Police Department, determined that Appellant had two prior convictions for driving while intoxicated. After Appellant's arrest, his blood was drawn and tested and his blood alcohol level was 0.162.

But he found no blood on the interior of the passenger's side of the car or the corresponding airbag; he did not think anyone else was in the car at the time of the accident.

### III. *Standard of Review*

We review the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under this standard, we review all of the evidence in the light most favorable to the jury's verdict and decide whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. The standard of review is the same for direct and circumstantial evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). "Direct and circumstantial evidence are treated equally: 'Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt.'" *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). The jury is free to draw reasonable inferences from basic facts to ultimate facts. *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003).

The trier of fact is the sole judge of the weight and credibility of the evidence, and a reviewing court may not reevaluate the weight and credibility of the evidence and substitute its own judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet ref'd); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd). If the evidence raises any conflicting inferences, we presume that the

trier of fact resolved such conflicts in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 318; *Brooks*, 323 S.W.3d at 894; *Clayton*, 235 S. W.3d at 778.

## IV. *Analysis*

Appellant contends that there was insufficient evidence to show that he was the driver and operator of the car. As we explain below, the State adduced sufficient evidence for a rational jury to have found beyond a reasonable doubt that Appellant, while he was intoxicated, operated the motor vehicle in a public place and committed the offense of driving while intoxicated, subsequent offense.

The State's witnesses presented circumstantial evidence that Appellant was the operator. In the case before us, Vieth heard a crash. He immediately went to the accident scene, a block away, where he saw a car partially in a tree and partially on top of a pickup. He did not see anyone in the car, but he saw Appellant on the ground. Lieutenant Davidson arrived on scene and searched for others in the area but found no one other than Appellant. Lieutenant Davidson talked to Appellant, who did not respond to questions. Appellant had a strong odor of alcohol on him and had blood on his face. Sergeant Smith found blood on the interior of the driver's side of the car but not on the interior of the passenger's side of the car or on the passenger airbag. When Lieutenant Davidson found Appellant on the ground, his pants were halfway down between his knees and waist. Sergeant Smith explained how the trees probably partially disrobed Appellant when he struck them after being ejected from the car.

After his investigation, Lieutenant Davidson believed that Appellant was the operator of the car, as did Sergeant Smith. Sergeant Smith opined that Appellant's impairment and the excessive rate of speed in which he drove the car caused the accident. We hold that there was sufficient evidence to show that Appellant was the person who had been driving or operating the car. *See Weems v. State*, 328 S.W.3d

5

172, 177 (Tex. App.—Eastland 2010, no pet.) (evidence sufficient to establish that defendant operated his mother's vehicle while intoxicated where he was found four-tenths of a mile from accident scene in rural area and police and EMS personnel saw no one else in area); *see also McCann v. State*, 433 S.W.3d 642, 649 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (evidence sufficient where warm hood, no one else in area, and defendant smelled of alcohol and failed field sobriety tests).

After a review of the record, we hold that a rational jury could have concluded beyond a reasonable doubt that Appellant was the operator of the car and that he had operated his car in a public place while he was intoxicated. We overrule Appellant's sole issue on appeal.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON
JUSTICE

August 18, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.