

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00082-CR

_____

ARTHUR ROBISON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F15 2041-16

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Arthur Robison appeals from a conviction of driving while intoxicated (DWI), third or more, and the resulting sentence of three years' incarceration.[1] Robison contends that there was insufficient evidence to support his conviction and that the trial court erred in its assessment of court costs. For the reasons below, we affirm the judgment, as modified.

## I.     Background

Heather Brun, an officer with the Carrollton Police Department, testified that, on January 28, 2015, she received a "suspicious person call" from dispatch. The 9-1-1 caller, Retha Campos, reported that someone had knocked on her door around midnight and asked if he could have some computer equipment at the edge of her yard. Campos also said that the individual had been looking around Campos' yard with a flashlight. Campos further reported that the individual got into a "silver pickup, double cab" and that the truck had "last [been] seen heading towards Josey [Lane]." Campos described the individual as a white male in his late twenties.

Brun testified that she arrived at Campos' Tree Line Drive address approximately two minutes and fifteen seconds after the 9-1-1 call was received by dispatch. When Brun arrived, she "saw a [silver, double-cab] truck parked about halfway down the block on Tree Line," and she testified that "[t]he truck lights were on" and the engine was running. When she drove past the

---

[1]Originally appealed to the Second Court of Appeals in Fort Worth, Robison's case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). Because this is a transfer case, we apply the precedent of the Fort Worth Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

truck, Brun saw a Caucasian male in a "park-like area" (called a greenbelt) "with a flashlight on his phone looking at the ground." At that point, Brun "called him over to [her]."

Brun's investigation began as a "suspicious person" complaint rather than a DWI investigation. However, when the man approached Brun, she could smell the odor of alcohol coming from him. Brun obtained his driver's license and identified him as Robison. Robison told her that he smelled like alcohol because he was a bartender, but Brun believed that the odor was coming from Brun's breath, not from his clothes. Robinson also told her that he had been at a friend's house playing video games and denied having consumed alcohol or drugs. Robison had difficulty giving directions to his friend's house, but explained, "This is the first time I've been over to his house."

Robison told Brun that, after leaving his friend's house, "[he] was coming around this corner," and thought he had "clipped" a black truck, thereby knocking off his truck's side mirror. Although she did not find any evidence to support Robison's claim that he had collided with another truck, Brun did see damaged bushes, trees, and a road sign that had been knocked to the ground at the intersection of Josey Lane and Tree Line Drive. In addition, she found pieces of Robison's truck's mirror in the center median. Nevertheless, Robison denied that he had caused the damage by hitting a sign, but continued to maintain that he had hit another truck.

Based on the totality of this information, Brun administered field sobriety tests to Robison. After completing the tests, Brun believed that Robison was under the influence of alcohol, drugs, or a combination of the two, and she arrested him for the offense of DWI.[2]

## II.    Legally Sufficient Evidence Supports the Conviction

### A.    Standard of Review

In evaluating legal sufficiency, we must review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of DWI, third offense, beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring).  We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of

---

[2]Officers subsequently inventoried Robison's truck and "located an orange pill bottle in the center console bearing [Robison]'s name.  It was for hydrocodone."  In addition, a blood draw showed that Robison's blood contained, among other things, marihuana and cocaine.

liability, and adequately describes the particular offense for which the defendant was tried." *Id*. Under Texas law, a person is guilty of DWI, third offense, if the person (1) having been two times previously convicted of an offense related to the operation of a motor vehicle while intoxicated (2) is intoxicated (3) while operating a motor vehicle (4) in a public place. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b) (West Supp. 2016).

**B.      Discussion**

**1.      The *Corpus Delicti* Doctrine**

The only element in dispute in this case is whether Robison had been operating his vehicle at the time in question. Pointing to the *corpus delicti* doctrine, Robison contends his admission that he had been operating the motor vehicle, without corroboration, is insufficient to establish this element of the offense. *See Miller v. State*, 457 S.W.3d 919, 920 (Tex. Crim. App. 2015); *see also Fisher v. State*, 851 S.W.2d 298, 302 (Tex. Crim. App. 1993). The term "*corpus delicti*" means the "harm brought about by the criminal conduct of some person." *Gribble v. State*, 808 S.W.2d 65, 70 (Tex. Crim. App. 1990). In *Hacker*, the Court of Criminal Appeals explained the *corpus delicti* rule, stating, "When the burden of proof is 'beyond a reasonable doubt,' a defendant's extrajudicial confession does not constitute legally sufficient evidence of guilt absent independent evidence of the *corpus delicti*." *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).

The corroborating evidence requirement ensures that a person admitting to a crime is not convicted without independent evidence that the crime actually occurred. *Salazar v. State*, 86 S.W.3d 640, 644 (Tex. Crim. App. 2002). "The corroborating evidence need not prove the underlying offense conclusively; there simply must be some evidence that renders the commission

5

of the offense more probable than it would be without the evidence." *McCann v. State*, 433 S.W.3d 642, 646 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Gonzales v. State*, 190 S.W.3d 125, 131 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd)). We must therefore consider whether independent evidence existed to support the jury's finding that Robison was operating the truck prior to his arrest for DWI.

The term "operating," as utilized in the Penal Code, is not defined. *See* TEX. PENAL CODE ANN. § 49.04(a);[3] *see also Kirsh v. State*, 357 S.W.3d 645, 651 (Tex. Crim. App. 2012). In assessing the sufficiency of the evidence to prove that a defendant was "operating" a vehicle as contemplated by the statute, we look to the totality of the circumstances. *Kirsh*, 357 S.W.3d at 651. Those circumstances must "demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Id*. at 650–51 (quoting *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995)).

"Under this standard, 'operating' a motor vehicle is interpreted very broadly." *Smith v. State*, 401 S.W.3d 915, 919 (Tex. App.—Texarkana 2013, pet. ref'd) (citing *Dornbusch v. State*, 262 S.W.3d 432, 436 (Tex. App.—Fort Worth 2008, no pet.)). "[W]hile driving does involve the operation, operation does not necessarily involving driving." *Denton*, 911 S.W.2d at 389. "Because 'operating a motor vehicle' is defined so broadly, any action that is more than mere preparation toward operating the vehicle would necessarily be an 'action to affect the function of [a] vehicle in a manner that would enable the vehicle's use.'" *Smith*, 401 S.W.3d at 919 (quoting

---

[3]"A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a).

*Strong v. State*, 87 S.W.3d 206, 216 (Tex. App.—Dallas 2002, pet. ref'd), *abrogated on other grounds by Pfeiffer v. State*, 363 S.W.3d 594 (Tex. Crim. App. 2012)). The action taken to affect the function of the vehicle "need not succe[ed] in causing the vehicle to function for the person to be operating it." *Strong v. State*, 87 S.W.3d 206, 215 (Tex. App.—Dallas 2002, pet. ref'd), *abrogated on other grounds by Pfeiffer v. State*, 363 S.W.3d 594 (Tex. Crim. App. 2012).

Accordingly, Texas courts have upheld DWI convictions in cases where the intoxicated person was not actually driving the vehicle. *See, e.g.*, *Denton*, 911 S.W.2d at 388–89 (defendant unable to accelerate because vehicle required time to "warm up"); *Dornbusch v. State*, 262 S.W.3d 432, 433 (Tex. App.—Fort Worth 2008, no pet.) ("operation" occurred where driver fell asleep, "hunched over the steering wheel" in parking lot); *see also Hearne v. State*, 80 S.W.3d 677, 679 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (defendant asleep behind wheel of idling vehicle in roadway with gear shift in "park"); *Barton v. State*, 882 S.W.2d 456, 458 (Tex. App.—Dallas 1994, no pet.) (defendant asleep behind wheel of idling vehicle in roadway with gear shift in neutral).

### 2. Application of the Law to the Case

Although Brun did not see Robison operating the truck, other evidence corroborated Robison's statement that he, in fact, had been driving it. First, Campos described the person at her door as a white male in his late twenties. She said that he had just driven away from her residence in a silver truck and that he was searching for something in her yard with a flashlight. Less than three minutes later, Brun arrived at a location very near Campos' home, and Brun observed a silver truck with its headlights on and its engine running. Brun then saw a white man carrying a

flashlight. In addition, Robison told Brun he was searching for a part of his truck's side-view mirror, which he claimed had been knocked off when he hit another truck. While Brun doubted that there had been a collision with another vehicle, she saw recent damage to nearby bushes, trees, and a road sign that was consistent with the damage to Robison's truck.

Certainly, the additional corroborating evidence makes the charged offense "more probable than it would be without the evidence." *See McCann*, 433 S.W.3d at 646; *see also Gonzales v. State*, 190 S.W.3d 125, 131 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). Moreover, a jury may draw reasonable inferences from evidence and choose which inference is most reasonable. *Laster v. State*, 275 S.W.3d 512, 522–23 (Tex. Crim. App. 2009). Considering the corroborating evidence, along with Robison's admission, we find sufficient evidence existed to support the jury's finding that Robison had been operating the vehicle at issue.

We overrule Robison's first point of error.

## III. "EMS Trauma Fund" Court Cost Is Facially Unconstitutional

In his second point of error, Robison challenges the assessment of court costs which are statutorily mandated by Article 102.0185(a) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0185(a) (West Supp. 2016) Article 102.0185, entitled "Additional Costs Attendant to Intoxication Convictions: Emergency Medical Services, Trauma Facilities, and Trauma Care Systems," states, "In addition to the costs on conviction imposed by Articles 102.016 and 102.018, a person convicted of an offense under Chapter 49, Penal Code, except for Sections 49.02 and 49.031, shall pay $100 on conviction of the offense." *Id.*

A fee statute is considered constitutional if it provides for the allocation of court costs to be dispersed for a "legitimate criminal justice purpose[]," meaning it must "relate[] to the administration of our criminal justice system." *Peraza v. State*, 467 S.W.3d 508, 517–18 (Tex. Crim. App. 2015), *cert denied*, 136 S.Ct. 1188 (2016). The opponent of a statute has the burden to establish its unconstitutionality. *Id.* at 514. When we review the constitutionality of a statute, "we commence with the presumption that such statute is valid and that the Legislature has not acted unreasonably or arbitrarily in enacting the statute." *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). "We must seek to interpret a statute such that its constitutionality is supported and upheld." *Peraza*, 467 S.W.3d at 514. In order to successfully mount a facial challenge to Article 102.0185(a), an opponent must establish that there are no circumstances under which the statute would be valid. *Id.* at 515.

The Fort Worth Court of Appeals recently addressed the constitutionality of court costs under Article 102.0185(a) of the Texas Code of Criminal Procedure. *See Casas v. State*, 524 S.W.3d 921 (Tex. App.—Fort Worth 2017, no pet.). There, the State maintained that, "because the statutory definitions of trauma services, trauma facility, emergency-medical care, and emergency-medical services would possibly include such services that are provided to individuals seriously injured by a drunk driver and unable to pay, this is a legitimate, criminal-justice purpose." *Id.* at 926. Emphasizing the Court of Criminal Appeals' holding in *Salinas*, the Fort Worth Court of Appeals stated that "the medical-services cost suffers from the same infirmity that the court of criminal appeals found applicable to portions of a consolidated fee imposed as court cost upon

9

criminal conviction under the local government code."[4]  *Id.*  That is, "[n]either the statute authorizing the collection of the emergency-services cost nor its attendant statutes direct the funds to be used for a legitimate, criminal-justice purpose; therefore, it is a tax that is facially unconstitutional." *Id.* at 927.

Accordingly, we sustain Robison's second point of error.

## IV.    Conclusion

In this case, the trial court assessed $484.00 in court costs against Robison.  That amount included $100.00 for emergency-services costs.  As we have determined that the $100.00 for emergency-services cost is unconstitutional, we hereby modify the trial court's judgment by reducing the amount of assessed court costs from $484.00 to $384.00.  As modified, we affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     October 10, 2017
Date Decided:       October 18, 2017

Do Not Publish

---

[4]In *Salinas*, the Court of Criminal Appeals declared Section 133.102 of the Texas Local Government Code facially unconstitutional to the extent the funds collected as court costs were dispersed to accounts for "abused children's counseling" and "comprehensive rehabilitation." *See Salinas v. State*, 523 S.W.3d 103, 105 (Tex. Crim. App. 2017). In doing so, the court found that the funds contained in the two accounts were not expended for a legitimate criminal justice purpose, concluding,

> [W]ith respect to the collection and allocation of funds for [abused children's counseling and comprehensive rehabilitation,] the statute is facially unconstitutional in violation of separation of powers.  We also hold, however, that the invalidity of these two statutory provisions does not render the statute as a whole unconstitutional.  As a result, we hold that any fee assessed pursuant to the consolidated fee statute must be reduced pro rata to eliminate the percentage of the fee associated with these two accounts. We reverse the judgment of the court of appeals and render judgment modifying the court costs in appellant's case.

*Id.*

10